# Cory *v.* Lee & Mangum.

*Action against Stockholder, for Goods sold to Corporation.*

1. *Corporation de facto; estoppel by contract with.*—A person who contracts with a corporation *de facto,* within the scope of powers which would belong to it as a corporation *de jure,* is estopped to deny its corporate character, and can not maintain an action against a stockholder or officer personally on such contract.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This action was brought by Lee & Mangum, suing as partners, against Lorenzo Cory, on the facts stated in the opinion. The court below overruled a demurrer to the complaint, and,

on the evidence adduced, a jury being waived, rendered judgment for the plaintiffs; and these rulings are here assigned as error.

BRICKELL, HARRIS & EYSTER, for appellant.

E. W. GODBEY, *contra*, cited *Hill v. Beach*, 12 N. J. Eq. 31; 12 Amer. Dec. 504; Waite on Insolvent Corporations, 477; Boone on Corporations, 34; 1 Waterman on Corporations, 29; Cook on Stocks, &c., § 233; *Clark v. Jones*, 82 Ala. 494; *Schloss & Kahn v. Montgomery Trade Company*, 87 Ala. 414.

CLOPTON, J.—Appellees seek by the action to charge appellant individually with a debt contracted by the Decatur Building Supply Company. The averments of the complaint show, that proceedings were instituted in the Probate Court of Morgan county by Joseph W. Barton and three other named persons, defendant not being one of them, for the purpose of forming a private corporation by the name of the Decatur Building Supply Company, by filing a written declaration, signed by themselves, substantially conforming to the statutes then in force; and that a commission was issued by the judge of probate, constituting two of the signers of the declaration a board of corporators to open books of subscription to the capital stock of the company, having first given due notice of the time and place of opening the same in the manner prescribed in the commission; and that the signers of the declaration took no other or further proceedings of record to complete or perfect the corporate organization. The complaint further avers, that the persons proposing to become incorporated did business under the name of the Decatur Building Supply Company, dealing in builders' supplies, and assumed to act in a corporate capacity, contracting in the corporate name; and that defendant became associated with them in February, or March, 1888, when certificates of stock were issued to him for a valuable consideration. It further avers, that defendant was president of the company, and acted and held himself out to the public as president and a director; also, that while he was thus acting openly and notoriously for the company, plaintiff sold to the company lumber and other material for building, for which the debts sued on were contracted.

The complaint shows a colorable compliance with the requirements of a law under which a corporation, for the purposes, and with the powers exercised by the Decatur Building Supply Company, might be lawfully incorporated, and a user of the rights claimed to be conferred by the law,—the exist-

[Ezell v. King.]

ence of a corporation *de facto*. It also appears from the complaint, that defendant was not a party, or connected with the proceedings instituted in the Probate Court, and that his only connection with or relation was that of a stockholder and officer, and had no relation or connection with the parties who instituted the proceedings other than that which subsists between the stockholders of any private corporation; also, that plaintiffs, in the creation of the debt sued on, dealt and contracted with the company in its corporate name, and not with the defendant. The averment in the complaint that the plaintiffs had no knowledge or notice that the persons composing the company had ever instituted any proceedings looking to corporate organization, or ever claimed to be doing business as a corporation, is inconsistent with the positive averments of facts establishing the existence of a corporation *de facto*, and that the bill of exchange sued on was drawn by plaintiffs, on, and accepted by, the company in its corporate name, and that the lumber and other building material which formed the consideration of the bill of exchange and the account was sold to the company in its corporate name while defendant was openly acting in the capacity of president and director. The complaint being construed most strongly against the plaintiffs, such a negation of knowledge or notice does not avoid the conclusion from the other facts averred, that they contracted with the company in its corporate name and capacity and on its credit.

In the case of *Snider's Sons Co. v. Troy*, 91 Ala. 224, decided at the present term, the question in this case was fully considered; and we then held, that a creditor, who has dealt and contracted with a corporation *de facto*, can not hold the stockholders liable for the corporate debt individually, as partners, or otherwise. On the authority of that case, the judgment must be reversed. The clerk will certify the opinion in that case, as the law of this case.

Reversed and remanded.