# The Christian & Craft Grocery Co. *v.* Fruitdale Lumber Co.

*Action Against Partners Claiming to be a Corporation.*

1. *Corporation; when parties estopped to deny and when not.* Where parties contract with each other as corporations they are in respect of such contracts estopped to deny corporate existence; and, conversely, where a party contracts with another but not as a corporation, he is not as to such contract estopped to deny the corporate existence of such other party, or to show that the entity with which he dealt was an individual or a partnership.

2. *Same.*—Where one seeks to establish and enforce by suit a personal liability against certain individuals who defend on the ground that they are only stockholders and officers of a *de facto* corporation with which plaintiff dealt as a corporation, it is competent and material for the plaintiff to

[The Christian & Craft Grocery Co. v. Fruitdale Lumber Co.]

show that he did not deal with the defendants as a corporation but as a partnership; and this though the partnership assumed a name more appropriate to a corporation than a partnership and did business under it, and the plaintiff contracted with the defendant under that name.

3. *Declarations of a party buying goods that his company is a partnership are admissible.*—If one of several individuals purchases goods under a firm or corporate name and at the time of the purchase represents to the seller that he and his associates are a partnership doing business as partners under said name, it is competent for the seller, when suing the individuals for the price of the goods sold, to prove the declarations to show the character of the dealings.

4. *Circumstances tending to show bad faith in creating a corporation when admissible.*—When a plaintiff sued certain individuals as partners doing business in a firm name, and asserts and produces evidence tending to prove that he dealt with them in the contract on which he sues, as a partnership, and they plead that they are members of a corporation, the facts and circumstances tending to show that there was no *bona fide* intention to create a corporation, such as there was no corporation fee paid as required by statute, no money or property of value paid in as corporation stock, no meeting of directors and the like, are competent evidence.

5. *Corporation organized in form of law when it can be assaulted as fraudulent.*—Where there is no *bona fide* intention to organize a real corporation with capital to respond to its liabilities, but the purpose is to put forward a sham without capital in order to cover a partnership exempt from liability as a partnership, the purpose and effect are abortive, and the pretended existence of such corporation is open to collateral attack as a fraudulent device, and the pretended corporation is to be taken as non existent, except as to those who have contracted with it as a corporation in such way as to estop themselves to show the fraud even though the proceedings to incorporate are on their face regular and show a complete corporation.

6. *Fee not paid does not prevent organization of de facto corporation.*—If a commission is issued to a corporation organized under our statutes, the fact that the required fee was not paid will not of itself prevent the corporation from having *de facto* existence.　But its contracts will be void.

APPEAL from the Circuit Court of Washington.
Tried before the Hon. WILLIAM S. ANDERSON,

The Christian & Craft Grocery Co. sued the defendants Hall and others as partners doing business under the firm name of the Fruitdale Lumber Company, for goods sold to them. Two of the defendants pleaded denying that they were members of the partnership named and that there was no such partnership. Certain proceedings in the probate court of Washington county were introduced in evidence to show that the Fruitdale Lumber Company was a corporation. The plaintiffs offered to prove by the declarations of the defendant, Hall, made at the time he purchased the goods of plaintiffs on account of which this suit is brought, and by other evidence noticed in the opinion, that the defendants were partners doing business under the firm name of the Fruitdale Lumber company, and that the plaintiffs contracted with the defendants as partners, but this evidence was excluded on the ground that the existence of the corporation could not be assailed collaterally. The plaintiff further offered to prove the circumstances attending the attempt to create this Fruitdale Lumber company, into a corporation. These facts and circumstances are noticed in full in the opinion and need not be stated here. The court refused to permit this evidence on the same ground. These rulings of the court are presented for review in this appeal. Cause reversed.

CHAS. L. BROMBERG, JR., and G. L. & H. T. SMITH, for appellant, contended that plaintiff was not estopped to deny the existence of the corporation because it did not deal with a corporation; that there was no corporation either *de jure or de facto;* and that there being no corporation the parties were bound as partners, citing, *Eaton v. Walker,* 6 Lawyers' Co-operative Rep. 102; *Fuller v. Roe,* 57 N. Y. 23; *Pettus v. Aiken,* 61 Ill. 454; *Jones v. Aspen Hardware Co.,* 40 Pac. Rep. 459; *Guckert v. Haicke,* 28 Atl. 249; *Abbott v. Ref. Co.,* 4 Neb. 416; Thompson on Corp., Sec. 508; Beach on Partnerships, Sec. 4; Cook on Stock & Stockholders, Sec. 233; *Snider's Sons' Co. v. Troy,* 91 Ala. 228; *Flag v. Stowe,* 85 Ill. 164; *Hurt v. Salisbury,* 55 Md. 310; *State v. Webb,* 110 Ala. 227; *Elyton Land Co. v. B'ham Warehouse & Elevating Co.,* 92 Ala. 424; *Davidson v. Hobson,* 59 Mo. App. 130.

[The Christian & Craft Grocery Co. v. Fruttdale Lumber Co.]

W. D. DUNN and McINTOSH & RICH, *contra*, contended that partnership cannot be proven by the declarations of one of the alleged partners; parties dealing with a corporation estopped to deny corporate existence, or to inquire into irregularities in its formation; a partnership is not the necessary legal consequence of an abortive attempt at incorporation, *Humes v. O'Brien & Washington,* 74 Ala. 81; *Central R. R. & Banking Co. v. Smith,* 76 Ala. 579; *Thornton v. Kerr & Hope,* 6 Ala. 823; *Cross et al. v. Langley,* 50 Ala. 8; *Elyton Land Co. v. B'ham Warehouse & Elevator Co.,* 92 Ala. 407; Cen. *Ag. & Mech. Ass'n v. Gold Life Ins. Co.,* 70 Ala. 132; *Bibb v. Hall & Farley,* 101 Ala. 79; *Pond v. Cit. Mut. Bldg. & Loan Ass'n,* 61 Ala. 232.

McCLELLAN, C. J.—The appellees in this case contend for, the appellant recognizes, and nobody doubts, the principle that where parties contract with each other as corporations they are in respect of such contracts estopped to deny corporate existence. It must be equally free from doubt that where a party contracts with another but not as a corporation, he is not as to such contract estopped to deny the corporate existence of such other party or to show that the entity with which he dealt was an individual or partnership. So that in a case like the present one, where the plaintiff, the Grocery Company, seeks to establish and enforce a personal liability against certain individuals who defend on the ground that they were only stockholders and officers of a *de facto* corporation with which plaintiff, they assert, dealt as a corporation, it is obviously competent and most material for the plaintiff to show that it did not deal with the defendants as a corporation but as individuals composing a partnership; and this though the partnership assumed and did business under a name more appropriate to a corporation than to a partnership, and the plaintiff contracted with the defendants under that name. The plaintiff sought to prove that it sold its goods to the Fruitdale Lumber Co. as a partnership composed of the individuals now sued, and not as a corporation, by testimony to the effect that the defendant Hall purchased said goods for the Fruitdale Lumber Co.

on the representation that said company was a partnership composed of himself and the other defendants. The trial court excluded this evidence. This was error. It was not competent to show that the Fruitdale Lumber Co. was not a corporation *de jure* or *de facto*, nor that it was a partnership composed of the defendants; but it was competent as tending to show that the plaintiff *did not contract with that company as a corporation but as a partnership*, and hence was not estopped to show by other evidence, if any such it could adduce, competent to that result that said company was not a corporation, but was a partnership composed of the defendants. Whether this error was prejudicial to plaintiff and, therefore, available to reverse the judgment depends upon whether the presumption of injury from error committed is overturned by unconflicting evidence that the Fruitdale Lumber Co. was in fact a corporation. Assuming that the jury would have believed the excluded testimony, as they had a right to do, and have found in line with it, as it would have been open to them to do, that plaintiff did not deal with the Fruitdale Lumber Co. as a corporation, the effect of admitting this testimony would have been to raise the estoppel resting on plaintiff from the fact that it had contracted with the lumber company in the name under which it was attempted to be incorporated, or was nominally incorporated, and to leave the plaintiff free to prove by other evidence that the company was a partnership whose members were individually liable for plaintiff's debt. And we could not assume that there was no such other evidence, even if the record were silent on the point: We should have to take it that there was such other evidence which plaintiff was prevented to introduce by the ruling which virtually estopped him to show the fact it would have tended to establish; and we should have to allow the presumption of injury from error to stand. But the record is not silent, it does not stop here. It shows further that the plaintiff proposed to assault and offered evidence attacking the corporate existence of the Fruitdale Lumber Co. It proposed to show that said company had never paid the incorporation fee required

by the act of 1895, without which by the terms of the
statute the issuance of a commission to the corporators
to do business as a corporation is forbidden and all con-
tracts attempted to be made by the concern are wholly
void.—Acts 1894-5, pp. 1024-5-6.   And in addition to
this, it offered further evidence tending to show that
the pretended corporation was a sham, a delusion and a
snare, fraudulent in intent and execution, wholly with-
out capital and devised solely to cloak a partnership en-
terprise against individual liability of partnership mem-
bers.   The evidence offered and rejected went to show
that nothing was paid for the shares of the pretended
corporation's pretended capital stock, that the affidavits
of subscriptions made and paid were knowingly false
and fraudulent, that no money nor any property of value
was ever paid or transferred to the company to consti-
tute its capital, that no corporate function was ever per-
formed except the pretended election of officers and di-
rectors, that no meeting of the directors was ever held,
but the business for which the corporation was pre-
tended to be formed was carried on by these defendants
as individuals associated together as partners, and that
all this was in furtherance and execution of an intention
all along existing to carry on a partnership by means of
the pretended incorporation in such a way as that the
company would have no assets to meet debts, and as that
these individuals could not be held liable for debts con-
tracted in the name of the company.   We are, therefore,
clear to the conclusion not only that the plaintiff should
have been allowed to prove the declarations of Hall that
the Fruitdale Lumber Co. was a partnership composed
of the defendants, but that all the evidence offered by it
tending to show that the incorporation of said company
was a fraud and a pretense intended to cover a partner-
ship business, to shield the partners from individual lia-
bility and to set up a straw corporation without capi-
tal and without assets, should have been allowed to go
to the jury.   And the fact that the fee for incorporation
had not been paid was also competent in this connec-
tion, as some evidence toward a conclusion of fraud—a
badge of fraud, so to speak, going in some degree to show
that the parties did not in good faith intend and attempt

[Eagle Life Association v. Redden.]

to bring into being a real, substantive artificial entity. But this fact of the non-payment of the fee would not, of itself, in our opinion, prevent the imperfect and incomplete organization from being a *de facto* corporation. It is a prerequisite to the issuance of a commission, but if without it, a commission is issued, the contemplation of the statute is not that there is no *de facto* corporation, but that the contracts of such a corporation should be wholly void.

Of course the views we have expressed lead to and involve this proposition: That where there is no *bona fide* purpose and effort to organize a real corporation with a capital to respond to its liabilities, but the purpose and effort is to put forward a sham without capital or assets to cover a real partnership and the carrying on of a partnership business exempt from liability as a partnership, the purpose and effort are abortive, the pretended existence of a corporation is open to collateral attack as a mere fraudulent device, and, though on the face of the proceedings there is a regular and complete incorporation, the pretended corporate entity is to be taken as non-existent except as to persons who have contracted with it as a corporation in such way as to estop themselves to show the fraud.

For the error committed by the trial court in excluding the evidence referred to, offered by plaintiff, the judgment must be reversed. The cause is remanded.

Reversed and remanded.