# Magnolia Shingle Co. *et al. v.* J. Zimmern's Co.

## *Assumpsit.*

(Decided Jan. 6, 1912.   Rehearing denied Feb. 8, 1912.
58 South. 90.)

1. *Partnership; De Facto Corporation; Liability; Evidence.*—This is an action to charge two stockholders of a de facto corporation with liability for debts, and the evidence is examined and held insufficient to show that one of them participated in contracting the debt, or that the other had knowledge of the defect in the proceedings to incorporate, or that the intention of the parties was to carry on a partnership business in the name of a pretended corporation, and hence, that the stockholders were not liable.

2. *Corporations; De Facto; Stockholder's Liability; Estoppel to Deny Corporate Existence.*—Where a party sells goods to a de facto corporation dealing with it as a corporation, he is estopped to deny the existence of the corporation, and hence, cannot, on ascertaining that the corporation had not been legally incorporated, hold as partners· stockholders who did not actively participate in contracting the debt with knowledge of the defect in the proceedings to incorporate.

3. *Same; Contract; Stockholders' Liability.*—Stockholder's exemption from personal liability is an element of all corporation contracts.

4. *Same; De Facto Corporation; Contracts; Ratification.*—Where a contract is made by a de facto corporation, a subsequent perfecting of the corporate organization followed by a ratification of the contract gave legal validity to it, and was the only liability on which the creditor had a right to rely; hence, in an action for the contract debt brought against the stockholders it was competent to show the perfecting of the organization and the ratification of the contract by the corporation.

5. *Same; Action; Pleading.*—Where the action was brought against stockholders for goods which it is alleged they purchased as partners, and the evidence showed that the goods were sold to a de facto corporation, the stockholder defendants were entitled to a judgment notwithstanding they had not alleged that plaintiff was estopped to deny the corporate existence, as the proof did not support the allegations of the complaint.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by the J. Zimmern's Company against the Magnolia Shingle Company and others.   Judgment for

[Magnolia Shingle Co. et al. v. J. Zimmern's Co.]

plaintiffs and defendants appeal. Reversed and remanded.

ERWIN & McALEER, for appellant. The Magnolia Shingle Company was a de facto corporation.—*Snider Sons Co. v. Troy,* 91 Ala. 228; Morawetz, Private Corporations, sec. 777; 10 Cyc. 253; 7 A. & E. Enc. of Law, 655; Cook on Corporations, sec. 234. Its existence as a corporation could not be collaterally inquired into.— *C. A. & M. Assn. v. Ala. G. L. I. Co.,* 70 Ala. 133. A corporation may ratify acts previously done by its de facto association.—*Whitney v. Wyman,* 101 U. S. 392; Cook on Corporations, p. 1427. The plaintiff was estopped to deny the corporate existence as his dealings had been with the corporation.—*Whitney v. Wyman, supra;* 8 Am. & Eng. Enc. of Law, 760-763; *Christian C. G. Co. v. Fruitdale L. Co.,* 121 Ala. 343; *Cory v. Lee,* 93 Ala. 469; 52 N. J. Eq. 111. An abortive attempt to form a corporation does not result in a partnership.— *Snider Sons Co. v. Troy, supra; Owensboro W. Co. v. Bliss,* 132 Ala. 256. On these authorities, it is insisted that the eviednce is insufficient to hold the stockholders as parties and that the only legal liability shown by the evidence was the ratification of the contract made by the de facto corporation, and hence, the individual stockholders were not liable.

McMILLAN & GRAYSON, for appellee. It is admitted that the goods were sold, and if the goods were sold to that company and these defendants were partners therein, they were individually liable as partners for the debt.—Sec. 2506, Code 1907; *Jemison v. Deering,* 41 Ala. 283; *Harrill v. Davis,* 22 L. R. A. 1156; *Shepherd v. Lightfoot,* 56 Ala. 506; *Lodiga Sawmill Co. v. Smith,* 78 Ala. 108. The evidence sufficiently shows that the defendants were doing business as partners.—*The Peo-*

*ple v. Roberts,* 36 L. R. A. 756; *Chisholm v. Cowles,* 42 Ala. 180. The defendants were responsible because permitting themselves to be held out as partners.—*Humes v. O'Brien,* 74 Ala. 64. The general joint and several liability for all the corporate debts makes the stockholders liable as partners though there had been no incorporation.—Cook on Corporations, 544; *Christian C. G. Co. v. Fruitdale L. Co.,* 25 South. 566. There was not a sufficient attempt at organization to render it a de facto corporation.—*Seabold v. Rogers,* 110 Ala. 438; *Snider Sons Co. v. Troy,* 8 South. 658; *Bloch v. T. C. I. & R. R. Co.,* 9 South. 537. There is a broad difference between an attempt and an intent to form a corporation.—*State v. Marshall,* 14 Ala. 411; 8 A. & E. Enc. of Law, 452-3. Counsel insist that as there was no assertion that plaintiff was estopped to deny the corporate existence of the alleged corporation, that therefore, on the pleading, plaintiff was entitled to recover, and that any error which may have intervened was error without injury, and in fact, that no estoppel existed.—*Jones v. Peebles,* 30 South. 564; 6 A. & E. Enc. of P. & P., 7; 8 A. & E. Enc. of Law, 10; *N. C. & St. L. v. Proctor,* 49 South. 377.

WALKER, P. J.—By the judgment appealed from the appellants D. R. Peteet and F. S. Stone were held individually liable for a debt to the appellee which was contracted in the name of the Magnolia Shingle Company. By different counts of the complaint, as it was amended, their individual liability for that debt was sought to be shown by averments that at the time the account sued on was made they "were partners in the Magnolia Shingle Company, unincorporated," and that at that time they "were members of the Magnolia Shingle Company, unincorporated." The proof was as to a

debt to the plaintiff resulting from its furnishing goods
on orders given in the name of the Magnolia Shingle
Company and as to the connection of the appellants
with proceedings looking to the formation of a corpora-
tion under that name.

The evidence furnishes no support for a claim that
either of the appellants ever actually agreed or con-
sented to be a member of a partnership conducted un-
der the firm name of Magnolia Shingle Company, or
that the appellee, in extending credit to the concern
doing business under that name, was misled into doing
so by conduct or declarations of either of the appellants
which amounted to a representation that he was a part-
ner in it. In other words, under the evidence, the ap-
pellants could not be held liable as partners for the debt
sued on upon either of the grounds that they were ac-
tually partners in the concern to which the goods were
furnished, or that, as to the appellee, they had estopped
themselves to deny that they were partners in that busi-
ness by permitting themselves to be held out as such.—
*Alexander v. Handley, Reeves & Co.,* 96 Ala. 220, 11
South. 390. Instead of the evidence disclosing the ex-
istence of such a ground of estoppel against the appel-
lants, on the contrary, it shows that the goods for the
balance of the price of which the suit was brought were
furnished by the appellee on orders given in the name
of the Magnolia Shingle Company which were written
on sheets of paper at the top of which were the words,
"Magnolia Shingle Company (Incorporated). Capital
Stock $10,000." There was no evidence that, when the
appellee extended the credit, it relied on any representa-
tion, or had any knowledge or information, as to the
party whose orders were filled, except such as was af-
forded by the description of that party which consti-
tuted the heading of each of the written orders that was

filled.   It thus appearing that the claim sued on was
acquired as the result of dealings of the appellee with
the Magnolia Shingle Company as a corporation, the
appellee itself is estopped from denying the existence
of that company as a de facto corporation, and from
claiming that its shareholders are liable to it as part-
ners for a debt contracted under such circumtsances,
unless there is some exceptional feature of the case to
withdraw it from the influence of the rulings which have
been made to this effect.—*Snider's Sons' Co. v. Troy,* 91
Ala. 224, 8 South. 658, 11 L. R. A. 515, 24 Am. St. Rep.
887; *Cory v. Lee & Mangum,* 93 Ala. 468, 8 South. 694;
*Owensboro Wagon Co. v. Bliss,* 132 Ala. 253, 31 South.
81, 90 Am. St. Rep. 907.

There are decisions in other jurisdictions to the ef-
fect that the benefit of the rule of estoppel, recognized
in the cases just cited, against one who has dealt with a
party as an existing corporation, cannot be claimed by
one who actively participated in the contracting of the
debt sued on in the name of a pretended corporation,
with which he claimed to be related merely as a stock-
holder, but which he then knew had no real existence as
a corporation.   We are not of opinion that the facts of
this case bring it within the influence of those decis-
ions.   From the argument submitted on this hearing we
infer that the case of *Harrill v. Davis,* 168 Fed. 187, 94
C. C. A. 47, 22 L. R. A. (N. S.) 1153, was relied on for
the exposition of the rules of law which were supposed
to have the effect of precluding the appellants from sus-
taining the claim that the appellee is estopped from pro-
ceeding against them individually for the debt con-
tracted in the name of the Magnolia Shingle Company.
In that case it appeared that the persons who were held
individually liable for debts contracted in the name of
the "Coweta Cotton and Milling Company" actively par-

.ticipated in contracting those debts with the knowledge that the company in the name of which they were contracted had not been duly incorporated. The ground of the liability adjudged in that case is indicated by the expressions contained in the following extracts from the opinion of the court: "Parties who actively engage in business for profit under the name and pretense of a corporation which they know neither exists nor has any color of existence may not escape individual liability because strangers are led by their pretense to contract with their pretended entity as a corporation. In such cases they act as agents of a principal that they know does not exist, and they are liable under a familiar rule, because there is no responsible principal. * * * There are cases in which stockholders who took no active part in the business of a pretended corporation which was acting without any charter or filed articles, who supposed that the corporation was duly organized, have been held exempt from individual liability for the debts it incurred; but, if they had been actually conducting its business with knowledge of its lack of incorporation, those decisions must have been otherwise." It is true that the conclusion that the claim set up that the concern in the name of which the debts there in question were contracted was a de facto corporation could not be sustained, because the signed articles of incorporation were not filed, where such filing was requisite to create the corporation, was a link in the course of reasoning by which the court reached the conclusion that the parties proceeded against in that case were individually liable for the debts in question; but the expressions of the court sufficiently show that another essential link in the reasoning leading to that conclusion was the finding that the parties charged so actively participated in the making of the debts sought to

be collected as to be individually liable therefor as the. pretended agents of a principal in whose name they were contracted with a knowledge of the nonexistence of any such principal. In other words, that decision was an application of the rule that one who makes a. contract professedly as the agent of another thereby imposes an individual liability upon himself when he knows that he has no principal to bind. By no means does that ruling furnish support for any such proposition as that one who merely undertakes to become a. stockholder in a proposed private corporation, which fails to acquire such color of legal existence as to entitle it to claim that it is a de facto corporation, thereby exposes himself to individual liability for any obligation that another person, without his knowledge, consent, or participation, may incur in the name of the proposed corporation.

The question then arises whether the facts of this case bring it within the influence of such rulings as that in the case of *Harrill v. Davis, supra,* or show that the appellants by their conduct or declarations have precluded hemselves from claiming the benefit of the estoppel upon the appellee resulting from its dealings with the Magnolia Shingle Company as a corporation. The appellants participated with other persons in proceedings looking to the incorporation of the Magnolia Shingle Company as a private corporation under the general law of this state on that subject. Incorporation papers were drawn by the appellant Stone, who was a practicing lawyer. These papers were in proper form, were duly executed by all persons participating in the proposed organization, and it is not suggested that there was any failure by them to do anything required by the law for the effectual creation of a private corporation, except a failure at that time to file the certificate of in-

corporation and to pay the filing and recording fees pre-
scribed by the statute.—Code, §§ 3448, 3449, 3455. The
subscriptions to the stock were paid, and an organiza-
tion was perfected by the election of officers, adopting
by-laws, etc., at a meeting at which the appellant Stone
was instructed to file the incorporation papers and to
pay the required fees, he being furnished with the
amount of money required for that purpose; and there-
after the contemplated business was conducted in the
corporate name by officers duly elected. As to the fil-
ing of the incorporation papers, and as to his subse-
quent relations with the venture, the appellant Stone
testified: "I stuck the papers in a pigeonhole in my
desk, and forgot all about them until parties com-
menced suing me and the rest of the boys, and then I
hunted up the papers and found them, and took them
over and filed them with the probate judge of Baldwin
county, and paid the fees for so filing them. I had ab-
solutely nothing to do with the ordering of goods by
this company, nor with the management of its affairs,
and I have never gotten a dividend yet." The defend-
ants offered evidence tending to show that upon the
discovery of the failure to file the incorporation papers,
and after they had been duly filed and before this suit
was brought, the stockholders of the Magnolia Shingle
Company held a meeting at which, by formal resolu-
tion, they recognized and ratified the debts which had
been incurred in the name of the company in the course
of the business as conducted by its officers. The appel-
lant Peteet testified to the effect that he was living in
Atlanta, Ga., at the time the steps were taken for the
organization of the corporation; that the incorporation
papers were sent to him at that place for his signature;
that he signed and returned them; and that he paid up
his subscription to the stock. So far as the evidence

tended to show, his only connection with the making of the debt sued on was that one of the orders for the goods furnished was signed in the name of the company by him as its president. The evidence did not tend to show that at that time he knew or had any reason to believe that there had been a failure by the attorney to comply with the instructions given as to filing the incorporation papers and paying the required fees. So, as to one of the persons sought to be charged, the evidence plainly shows that he did not participate in the conduct of the business or in the making of the debt sued on; and as to the other person sought to be charged the evidence was such as not to impute to him knowledge of a failure to do anything required to effect the legal incorporation of the company in whose name the debt sued on was contracted. On this evidence the court was not justified in ruling that the appellants were liable on the ground that they, professing to act for or as agents of the Magnolia Shingle Company, participated in making the debt sued on in its name, when they knew that that concern, as a separate entity, had no legal existence. And certainly it was not a legitimate inference from the evidence that the proceedings for the formation of a corporation constituted a mere show, carried through with the intention all along of conducting a partnership business in the name of a pretended corporation, devised for the purpose of shielding the associates from personal liability for the obligations incurred, so that the appellants would be precluded from claiming that the appellee was estopped from proceeding against them individually by the fact that it was their own fraudulent conduct which led it into the act sought to be set up as the basis of the estoppel claimed.—*Christian & Craft Grocery Co. v. Fruitdale Lumber Co.*, 121 Ala. 340, 25 South. 566. In-

deed, there was a lack of any evidence tending to show that the appellants or either of them were guilty of fraudulent conduct or misrepresentation, or of any lack of good faith, operating to induce or mislead the appellee to extend credit to the Magnolia Shingle Company, so that, on any such ground, they or either or them should not be permitted to claim the benefit of the estoppel resulting from the fact that in selling the goods for the price of which the suit was brought the appellee dealt with the Magnolia Shingle Company as an existing corporation.—*Schloss & Kahn v. McIntyre,* 147 Ala. 558, 41 South. 11.

On the contrary, the only legitimate inference from the evidence was that the appellee dealt with the Magnolia Shingle Company as a corporation, that it was not led to do so by any fraud or misconduct on the part of the appellees or either of them, and that it did not suppose that the transaction had the effect of imposing any individual liability upon the appellants or any of them. In fact, exemption from individual liability was an element of the contract actually made.—*Snider's Sons' Co. v. Troy,* 91 Ala. 224, 8 South. 658, 11 L. R. A. 515, 24 Am. St. Rep. 887.

This being true, the result of the perfecting of the corporate organization by the filing of the incorporation papers and the payment of the statutory charges, followed by the formal recognition and ratification of the obligation sued on, gave full legal validity to the only liability which the appellee could have supposed would inure in its favor when it shipped the goods to the Magnolia Shingle Company, and removed all basis for a claim on its part that that liability should be shifted upon the individuals now sought to be charged. Allegations of the complaint to the effect that the contract sued on was made by a partnership of which the defend-

ants were members, or that it was entered into by the defendants doing business in a company name, were not, on the ground of estoppel or otherwise, sustained by evidence of the contract entered into by the plaintiff with a company of that name as a corporation.

From the above expressed views, the conclusion follows that the court below was in error in giving the affirmative charge requested by the plaintiff. It was also in error in ruling out the evidence offered tending to show the ratification by the corporation, after its organization was legally perfected, of the contract made in its name with the appellee, and for a purpose within the scope of its previously attempted creation.—*Davis Bros. v. Montgomery Furnace & Chemical Co.,* 101 Ala. 127, 8 South. 496. With that evidence admitted as it should have been, the defendants were entitled to the general affirmative charge requested in their behalf.

Reversed and remanded.

## In Response to Application for a Rehearing.

PER CURIAM.—It is insisted by the counsel for the appellee (the plaintiff), in the brief filed in support of the application for a rehearing, that the conclusion announced in the foregoing opinion was unwarranted under the pleadings in the case, because of the failure of the individual defendants to set up by special plea an estoppel upon the plaintiff to deny that it dealt with the Magnolia Shingle Company as a corporation. We cannot concur in this view. While attention was called in the opinion to the fact that, under the evidence in the case, instead of the individual defendants being estopped to deny that they were liable for the price or value of the goods sold to the Magnolia Shingle Company, the plaintiff was estopped to deny the de facto corporate existence of that company by dealing with it

alone as a corporate buyer of the goods sold, yet, on the state of facts disclosed by the evidence, the individual defendants were not put to a reliance upon any pleading other than their plea setting up "that they did not promise in manner and form alleged." The several counts of the complaint in effect alleged promises made by the several defendants. The evidence did not sustain these allegations, so far as they related to the individual defendants, by showing either that they actually were parties to the contract sued on or that they had estopped themselves to deny that they were bound thereby; but, on the contrary, showed that the only contract entered into by the plaintiff was the result of its dealings with the Magnolia Shingle Comgpany as a corporation. The rulings of the trial court were improper, because, so far as the individual defendants were concerned, the averments of the complaint were not sustained by the evidence. Those defendants did not need any special plea to enable them to get the benefit of the plaintiff's failure to prove in any way that they were bound for the price of the goods sold, not to them nor on their credit, nor on their representations, express or implied, that they would be individually bound therefor, but to the Magnolia Shingle Company as a corporation, to which alone the plaintiff looked, and with which it got a legally binding contract, which was the only contract which it had any reason to suppose it would become the beneficiary at the time the goods were sold and delivered.

Application for rehearing overruled.