(128 So. 799)

DIXIE COAL MIN. & MFG. CO. et al. v. WILLIAMS.

6 Div. 594.

Supreme Court of Alabama.

May 31, 1930.

Bankhead & Bankhead, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellees.

SAYRE, J.

This is an appeal from an order awarding compensation to appellee under the Employee's Compensation Law, Code, § 7534 et seq.

Appellee is the widow of Bose Williams. Bose came to his death by accident while going about his work as an employee. The court awarded compensation to be paid by the Dixie Coal Mining Company and by J. E. Ross, both of whom are named in the amended petition as parties defendant. Reasons for this award are stated in the trial court's finding of facts, which appears in the reporter's statement, and which is here approved.

So far as concerns the facts involving liability, little further need be added. The Dixie Coal Mining Company, for reasons of its own—perhaps for the reason that it had been declared a bankrupt—admitted liability according to the statute. The argument for error is made on behalf of J. E. Ross individually. He alone has appealed.

A part of appellant's brief is given to the argument of the proposition that the demurrer to the petition on the ground, to state it in brief, that it failed to allege that the notice prescribed by the statute had been given to defendant, appellant, should have been sustained. The amended petition by which this appellant, by his individual name, was brought into the case, alleged that the accident in which appellee's husband lost his life happened November 13, 1928, and that each of the defendants separately had had written notice of the accident on or about November 28, 1928. The judgment and finding show no ruling on the demurrer. It must, therefore, be treated as having been abandoned or waived. Southern Indemnity Ass'n v. Ridgway, 190 Ala. 334, 67 So. 446. This is not to be taken as a concession that the demurrer was well taken. Furthermore, at the hearing, the evidence to the effect that the defendant Ross had actual notice of the death by accident of appellee's husband within a few days thereafter was not contradicted, nor, for that matter, was any issue made at that time as to notice in writing. Thus it was made to appear that every beneficial purpose of the statute as to notice was served.

The trial court's finding of fact has appeared in the preliminary statement by the reporter. Appellant contends that on the evidence set out in the bill of exceptions no such fraud was shown as warranted the conclusion that appellant and the Dixie Company should be treated as identical for the purposes of the Compensation Act. Our judgment on consideration of the evidence is that the court cor-

rectly found that the Dixie Company corporation was a mere simulacrum, formed in the image of a corporation, the only possible effect of which, whatever the purpose, was to mislead persons dealing with it away from any idea that the personal responsibility of appellant was involved, thereby avoiding, or intending to avoid, personal liability in any transaction in which he might engage in his corporate name, at the same time reserving to his sole use and benefit any profits that might be earned in transactions concluded in the corporate name, that, in short, to quote the trial court, "the corporation was Ross and Ross was the corporation," a fraud in, law, if not in fact, designed to draw a cloak of deceptive appearance around appellant's business transactions. Appellant could avoid no personal liability by such device. Christian & Craft Grocery Co. v. Fruitdale Lumber Co., 121 Ala. 340, 25 So. 566. The courts will not permit a person, acting under the guise of a corporation formed for that purpose, to evade his individual responsibility. Falsenthal Co. v. Northern Assurance Co., 1 A. L. R. note, page 613.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.