309 So.2d 115

**Norman R. HARRIS, Individually and d/b/a Bessemer Bldg. & Improvement Company, and Bessemer Bldg. & Improvement, Inc., a corporation, et al.**

**v.**

**STEPHENS WHOLESALE BLDG. SUPPLY CO., INC., a corporation.**

**Civ. 435.**

Court of Civil Appeals of Alabama.

Feb. 26, 1975.

Jack Keyes, Bessemer, for appellant.

Billy F. Mitchell, Birmingham, for appellees.

BRADLEY, Judge.

Stephens Wholesale Building Supply Company, Inc., a Corporation, filed an action in the Circuit Court of Jefferson County, Bessemer Division, against Norman R. Harris, individually and doing business as Bessemer Building and Improvement Company and also against Bessemer Building and Improvement, Inc., a Corporation, on an account. The amount claimed was $3,248.89 with interest. Attorney's fee of $812.22 was also sought. Defendant Harris denied owing plaintiff the amount of money claimed in the complaint. Bessemer Building and Improvement, Inc., a Corporation, admitted owing plaintiff an undetermined amount of money. Trial was held before the court sitting without a jury and a judgment was rendered in favor of plaintiff and against Norman R. Harris in the amount of $4,061.11 and costs. The motion for a new trial was overruled. Appeal was thereupon perfected to this court.

Defendant, through his assignments of error, urges this court to overturn the trial court's judgment for the reason that it is unsupported by the law and the evidence.

The evidence submitted to the court shows that on February 14, 1969 a credit application was made to Stephens Wholesale Building Supply Co., Inc. (hereinafter referred to as Stephens) by Norman R. Harris. The name of the account was to be "Bessemer Building & Improvement." The address given was "1920—8th Ave. No., Bessemer, Ala." The terms of the credit application specified that applicant was to pay all costs of collecting delinquent debts including a reasonable attorney's fee, and such agreement was to remain in force so long as there was an outstanding indebtedness. Applicant also waived any exemption rights that he might have to personal property. It was further provided in said application that Stephens was to deliver ordered goods and charge them to the applied-for account, and such arrangement would continue until there

was written notice to the contrary. Acceptance of a proposed change was to be evidenced by Stephens in writing.

The certificate of incorporation for Bessemer Building and Improvement Co., Inc. was filed in the Jefferson County Probate Office, Bessemer Division, on April 2, 1969.

The first bill from Stephens was paid by a check drawn on the account of Bessemer Building & Improvement, Inc. on May 9, 1969. This business relationship lasted until February 23, 1973. The account was written off as a bad debt by Stephens on May 30, 1973. The evidence fails to reflect whether or not the first purchase was made before or after the incorporation. Appellant suggests in brief that it was probably made after the incorporation.

Mr. Harris was a carpenter and organized Bessemer Building and Improvement, Inc. to get into the building business. The corporation was in existence for about two and one-half years. During such time all of the payments made to Stephens were by checks drawn on the corporate account.

The evidence further shows that in the latter part of 1968, and prior to the filing of the incorporation papers, a business license was obtained in the name of the corporation; that a corporate account was opened in the name of the corporation; that a bid on a construction job was made in the name of the corporation; that a lease for corporate office space was made in the name of the corporation; and a telephone bill was paid in the name of the corporation. However, nowhere in the record does it appear that Stephens was ever directly informed of the true status of Bessemer Building and Improvement. The defendant, Harris, testified that he never had any reason to apprise Stephens of Bessemer Building and Improvement's true status. Further, the record is devoid of any evidence showing that Stephens was ever informed that it was to charge purchases to the account of Bessemer Building and Improvement, Inc., and there is no evidence that Stephens ever accepted a request to charge purchases to a different account than had been originally applied for in the credit application.

Appellant contends in brief that there is no evidence that he, in an individual capacity, contracted with Stephens for the purchase of building materials, but there is evidence that Stephens knew or should have known that it was dealing with a corporate entity.

Appellee replies that appellant opened his business relationship with Stephens in an individual capacity and, when the corporation was subsequently created, he failed to make known to Stephens this changed capacity.

The deciding question before this court, as it was before the trial court, is whether or not Stephens dealt with Harris in an individual capacity or as a representative of a corporation.

▇ Corporations can be de jure, de facto or by estoppel. See Bukacek v. Pell City Farms, Inc., 286 Ala. 141, 237 So.2d 851, cert. den. 401 U.S. 910, 91 S.Ct. 872, 27 L.Ed.2d 809.

▇ A de jure corporation is ordinarily thought of as one which has been created as the result of compliance with all of the constitutional or statutory requirements of a particular governmental entity. Title 10, Section 21(11), Code of Alabama 1940, as Recompiled 1958; Moe v. Harris, 142 Minn. 442, 172 N.W. 494. A de facto corporation, on the other hand, can be brought into being when it can be shown that a bona fide and colorable attempt has been made to create a corporation, even though the efforts at incorporation can be shown to be irregular, informal or even defective. Alabama Fidelity Mortgage & Bond Co. v. Dubberly, 198 Ala. 545, 73 So. 911; Snider's Sons' Co. v. Troy, 91 Ala. 224, 8 So. 658.

▇ Corporations by estoppel come about when the parties thereto are es-

topped from denying a corporate existence. Bukacek v. Pell City Farms, *supra*. In other words, the parties may, by their agreements or conduct, estop themselves from denying the existence of the corporation.

Prior to April 2, 1969, which was the day on which the articles of incorporation were filed in the Bessemer Probate Office, Bessemer Building and Improvement was not a de jure corporation.

■ Furthermore, Bessemer Building and Improvement was not a de facto corporation prior to April 2, 1969, for there is no evidence in the record that an attempt was made to incorporate it, either bona fide or colorable. The only evidence that might be said to be on this issue consisted of a business license issued in the name of Bessemer Building and Improvement, Inc., an account was opened in a bank in the name of the corporation, there was a bid on a construction job in the name of the corporation, and there was a lease of office space and the payment of a telephone bill in the name of the corporation. But this evidence does not prove nor tend to prove that a bona fide and colorable attempt was made to incorporate Bessemer Building and Improvement. Therefore we must say there was no evidence of a de facto corporation.

■ In the absence of a de jure and a de facto corporation, did the parties to the business relationship here involved create a corporation by estoppel? We think not.

The evidence does not sustain the conclusion that Stephens considered Bessemer Building and Improvement to be a corporation when it opened the account. In fact, the evidence fully supports the trial court's belief that Stephens considered that it was dealing with Harris in an individual capacity. The credit application and the testimony of Stephens' bookkeeper support this conclusion. The bookkeeper testified that it was believed that they were dealing with Harris individually. Added to this is Harris' statement that he never advised Stephens of the creation of the corporation.

The evidence does not support the theory that Bessemer Building and Improvement was considered by Stephens to be a corporation. To the contrary, the evidence preponderates to the opposite theory, i. e., Stephens dealt with Harris and Bessemer Building and Improvement as an individually owned proprietorship. We conclude therefore that there was no corporation by estoppel in this instance.

■ We would further observe that Harris did not sign the credit application in a representative capacity and even had he done so, he still would have been liable personally, for there was no evidence of an agency relationship. If a person professing to be an agent of another makes a contract, he thereby imposes personal liability upon himself when there is no principal to bind. Magnolia Shingle Co. v. J. Zimmern's Co., 3 Ala.App. 578, 58 So. 90.

■ The case at bar was tried before the court sitting without a jury and it heard and observed the witnesses testifying and had before it all of the documentary evidence that was introduced. With the case in this posture, the trial court's findings will not be disturbed unless they be plainly and palpably contrary to the great weight of the evidence. Hicks v. Hicks, 52 Ala.App. 586, 296 So.2d 180.

Not so finding, we conclude that the trial court did not err in holding defendant Harris personally liable for the Stephens account.

■ In brief appellant argues that the statement of account introduced into evidence to support the claim made in the complaint was not the best evidence. He says that the original charge tickets would have been the best evidence.

Appellant did object to the introduction of the statement of account from Stephens' ledger book but his objection was overruled. However, he did not make that rul-

ing by the trial court an assignment of error. There being no assignment of error raising the point, the alleged error cannot be considered by this court. Belcher v. City Commission of City of Birmingham, 280 Ala. 252, 192 So.2d 454.

No reversible error having been cited to us, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.