408 So.2d 490 (1981)
BON SECOUR FISHERIES, INC.
v.
James BARRENTINE, d/b/a Papa's Fish Company.
80-595.
Supreme Court of Alabama.
December 18, 1981.
Daniel E. Robison, Dothan, for appellant.
Jere C. Segrest of Hardwick, Hause & Segrest, Dothan, for appellee.
MADDOX, Justice.
This is an appeal from a summary judgment granted to the defendant Barrentine in a suit on an open account. The legal issue is whether, as a matter of law, the debt sued upon was the debt of a corporation or of an individual the creditor claims was its alter ego.
Plaintiff Bon Secour Fisheries, Inc. filed its complaint against Kenny Bass and James Barrentine, d/b/a Papa's Fish Company. Bon Secour claimed that the defendants owed it money due on an open account for goods sold and delivered; plaintiff sought damages of $10,500, interest and costs. Defendant Barrentine filed a motion in which he claimed that Bon Secour failed to state a claim upon which relief could be granted; he also asserted that the debt was owed by Papa's Fish Company, Inc., a corporation, and that he was not personally indebted. At the same time, Barrentine filed his motion for summary judgment, accompanied by an affidavit in which it was stated that a corporation known as Papa's Fish Company, Inc. was formed on July 5, 1978, that it did business under the name Papa's Fish Company, Inc., and that the debt which was incurred in 1979 and 1980 was owed by Papa's Fish Company, Inc., and not by Barrentine. (Defendant Bass is not involved in this appeal.)
Bon Secour filed a counter-affidavit in which it stated that it "always relied on the Barrentines to pay" and "the checks we received didn't say anything different [than before the incorporation date]." After a hearing, the trial judge granted Barrentine's motion for summary judgment. Bon Secour appealed to this Court.
We agree with plaintiff Bon Secour that Barrentine failed to sustain his burden of showing that Bon Secour could not recover under any discernible set of circumstances; therefore, the granting of summary judgment was improper.
The rule of law in such cases has been oft stated. In order for summary judgment to be proper, the pleadings and *491 affidavits submitted by the movant must show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. A.R.C.P. 56(c). The moving party must show that the other party could not recover under "any discernible set of circumstances." Woods v. Commercial Contractors, Inc., 384 So.2d 1076 (Ala.1980); Chiniche v. Smith, 374 So.2d 872 (Ala.1979). All reasonable inferences must be considered in a light most favorable to the non-moving party. Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686, 309 So.2d 818 (1975). Plaintiff could conceivably succeed if at trial the factfinder determines that the corporate firm was being used to evade personal responsibility. Woods v. Commercial Contractors, Inc., supra. In Woods, this Court stated:
It is the law in Alabama and elsewhere that the court will disregard the corporate entity when it is used solely to avoid personal liability of the owner while reserving to the owner the benefits gained through use of the corporate name. Dixie Coal Min. & Mfg. Co. v. Williams, 221 Ala. 331, 128 So. 799 (1930). It is also true that a "separate corporate existence will not be recognized where a corporation is so organized and controlled and its business conducted in such a manner as to make it a mere instrumentality of another...." Forest Hill Corp. v. Latter & Blum, 249 Ala. 23, 28, 29 So.2d 298, 302 (1947). More recently this Court held that the theory of separate corporate existence can properly be discarded, even in the absence of fraud, to prevent injustice or inequitable consequences. Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975).
384 So.2d at 1079.
We do not address or decide whether the individual defendants are liable for the debt. We merely decide that Barrentine failed to show that he was entitled to a judgment as a matter of law based upon the record before us. We find that Bon Secour produced at least a scintilla of evidence that Barrentine might be personally liable to it. The judgment of the trial court is due to be reversed.
REVERSED AND REMANDED.
JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring specially).
The granting of a motion for summary judgment is only appropriate where it appears that the non-moving party could not prevail under any conceivable set of circumstances. Whitehead v. Davison Oil Co., Inc., 352 So.2d 1339 (Ala.1977). If there is a scintilla of evidence supporting the position of the party against whom the motion is made, a genuine issue as to a material fact exists. Watkins v. St. Paul Fire and Marine Insurance Co., 376 So.2d 660 (Ala.1979). "The scintilla rule only requires that the evidence furnish a mere gleam, glimmer, spark, the least bit, the smallest trace, in support of plaintiff's complaint." Watkins v. St. Paul Fire & Marine Insurance Co., 376 So.2d at 662. I concur because it appears that a "glimmer" exists in this case.