SHORES, Justice.
This is an appeal from a summary judgment granted in favor of defendant, Title Insurance Company, Inc., on an action brought by the plaintiffs, Louis and Do-raine Mayo, for breach of a policy of title insurance.
Appellants entered into a contract with Trammel Clayton Miller and Juanita Hat-tenstein Miller for the purchase of a parcel of real property located in Mobile County. On April 23, 1974, at the sellers’ request, defendant/appellee issued a commitment to provide a policy of title insurance insuring the sellers’ title in the amount of $1,500, and the title of the appellants in the amount of $5,000. A premium statement was sent on the same day to the sellers, the Millers. That premium was never paid, and no policy was issued. Conveyance of the property was executed on May 1,1974, and, subsequently, recorded on May 7, 1974.
On July 25,1974, the title company issued a commitment to insure for $2,600.00 the lender’s title under a mortgage to be given to the lender by the buyers, the Mayos. The lender was the only named beneficiary under this commitment. Upon receipt of the premium, a policy was issued pursuant to this commitment.
On March 30, 1976, the sellers were adjudicated bankrupts in the United States District Court for the Southern District of Alabama. The property purchased by the Mayos was levied on and seized by a judgment creditor of the sellers who was not discovered by the title company in its title search of the property.
Subsequently, the buyers brought this action in the circuit court of Mobile County, seeking to recover under the policy issued to the lending institution on August 17, 1974. Upon motion by the title company and following submission of affidavits by both parties, the trial court entered a summary judgment dismissing the action.
The Mayos appeal. We affirm.
Rule 56(c) of the Alabama Rules of Civil Procedure provides that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Bon Secour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala.1981); Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala.1981).
Our examination of the record shows that there are no facts, disputed or otherwise, which, taken in the light most favorable to appellants, give rise to any inferences upon which they may base recovery. No policy of insurance was ever issued pursuant to the first commitment. The payment of the premium is of the essence of the risk of insurance. New York Life Ins. Co. v. McJunkin, 227 Ala. 228, 149 So. 663 (1933).
The Mayos do not deny that no premium was paid and that no policy was issued insuring their interest in the property. They merely contend that they should have been billed for the premium payment, and that the non-receipt of a bill raises a genuine issue of fact. In this they are incorrect. The argument states a conclusion, but does not raise a genuine issue of fact. The undisputed facts simply show that no premiums were paid as an express condition precedent to thé issuing of a policy and, thus, no policy was issued.
The Mayos next argue that they were misled into believing that the premiums were being paid out of the proceeds of the sale. Again, the undisputed facts show that the title company did not take part in *1359 either the closing transaction or the recording of documents arising from the conveyance. The Mayos do not dispute this. They have again failed to raise a genuine factual issue sufficient to support a theory of recovery.
Finally, appellants cite this Court’s decision in Dixson v. C & G Excavating, Inc., 364 So.2d 1160 (Ala.1978), arguing that a party may not take advantage of a failure of consideration when that party to the contract caused the failure of performance by the other party. Because the title company is not responsible for the nonpayment of premiums, Dixson is inapposite to the facts in the instant case.
Taking all the pleadings and affidavits of both parties into consideration in the light most favorable to the nonmoving party, the Mayos have failed to show any relationship between themselves and appellee upon which any genuine issue of fact might be raised to base recovery. Therefore, the summary judgment entered by the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.