Gary Smith and Valley View Associates, Ltd., a limited partnership of which Smith is a general partner, appeal a judgment holding them liable to Style Advertising, Inc., for costs incurred in advertising the sale of condominiums. We affirm the judgment of the trial court.
The issue in this case is whether Gary Smith and Valley View Associates, Ltd., are liable for the advertising services performed for the sale of condominiums initially owned by the partnership, in addition to a corporation incorporated by Gary Smith which later owned the condominiums.
The case was tried ore tenus, and the trial court found the facts to be as follows:
Valley View Associates, Ltd., is a limited partnership formed in November 1977 with appellant Smith serving as a general partner. The limited partnership purchased the Valley View Apartments in Birmingham on the date it was formed.
At some point in early 1980, Valley View Associates, Ltd., made the decision to convert some of the units of the Valley View Apartments into condominiums for sale to the public. A meeting was held between Albert E. Oelschlaeger, the president of Style Advertising, and Robert J. McClure, an employee of Valley View Associates, in the office of Centennial Realty Company, a sole proprietorship owned by Gary Smith. The purpose of the meeting was the preparation of advertising and marketing plans for the sale of the condominiums.
At this meeting, McClure told Oelschlaeger that Smith would have to approve any expenditures for advertising. Later, McClure told Oelschlaeger that Smith would not agree to a long term advertising commitment, but would consider monthly proposals submitted to him by Style Advertising. Style proceeded with the advertising campaign on this monthly basis.
The billing statements sent by Style were addressed to "Valley View Condominiums" and delivered to McClure. The first two bills were paid by checks drawn on the account of Centennial Realty Company, the aforementioned business owned by Gary Smith. Style received no further payments in 1980.
Centennial Housing, Inc., was incorporated in October 1980. Gary Smith was one of the incorporators. In November 1980, Valley View Associates conveyed a portion of the Valley View Apartments to Centennial Housing, Inc., so the corporation could sell the apartments as condominiums. Prior to this incorporation, no units had been sold, but purchase agreements had been negotiated with members of the public, and signed in the name of Centennial Realty Company as seller. After the incorporation, the purchase agreements were assigned to Centennial Housing, Inc., which closed the sales and which was listed as seller on the sales contracts. By the time of the incorporation of Centennial Housing, Inc., and the conveyance of the apartments to it, however, Style Advertising had already completed most of its services in regard to the sale of the condominiums.
In early 1981, Oelschlaeger made attempts to collect the balance owed by Gary Smith for the advertising services performed. In order to keep Style from filing a lawsuit, on March 6, 1981, Smith, as president of Centennial Housing, Inc., offered to pay an immediate finance charge to Style, and to pay the principal due by April 30, 1981. Style agreed to this arrangement. Smith made no further payments, however, and Style filed suit in July 1981.
After an ore tenus hearing, the trial court concluded that Valley View Associates, Ltd., and Gary Smith, as general partner, were liable to Style Advertising for the amount due. The court found dispositive the fact that Valley View Associates, Ltd., was the owner of the apartments during most of the time that Style was performing advertising services. Also important was the fact that the purchase agreements *Page 1196 
which were executed while Valley View Associates, Ltd., owned the apartments, listed Gary Smith's business, Centennial Realty Company, as the seller.
We now discuss why the trial court was correct in its conclusion that Valley View Associates, Ltd., and Gary Smith as its general partner, were liable along with Centennial Housing, Inc., for the costs of advertising done by Style.
Appellants recognize that where the trial court hears evidence ore tenus, its judgment is presumed correct unless the court took an erroneous view of the law as applied to the facts, Waters v. Merritt, 277 Ala. 346, 170 So.2d 492 (1964), or unless the facts found are palpably wrong or manifestly unjust. Sterling Oil of Oklahoma v. Pack, 291 Ala. 727,287 So.2d 847 (1973). Appellants argue that the trial court incorrectly applied prior precedent to the facts of this case, thus taking an erroneous view of the law, and thus rendering void the presumption of correctness given to the lower court's judgment. This argument fails.
The trial court correctly relied on Birmingham News Co. v.McConnell, 225 Ala. 30, 141 So. 678 (1932), and Harris v.Stephens Wholesale Building Supply Co., 54 Ala. App. 405,309 So.2d 115 (1975), in support of its decision. In McConnell, this Court reversed the circuit court's grant of a new trial and reinstated a jury verdict in favor of the Birmingham News Company, which had sued to collect the cost of advertising done for the McConnell Auto Exchange, a partnership which later incorporated. This Court held that the partners were liable for the advertising services performed under the contract, even though the form of business was subsequently changed from a partnership to a corporation.
In Harris, a judgment was affirmed which held Norman Harris liable for an account he opened in the name of "Bessemer Building Improvement," a business not incorporated until over a month after the account was opened. The court stated the issue as whether the creditor dealt with Harris as an individual or as a representative of a corporation. Harris was held liable personally because the evidence supported the conclusion that the creditor thought he was dealing with an individual, had no knowledge that the business had been incorporated, and was never informed of this incorporation by Harris. The judgment went against Harris, notwithstanding the fact that the first payment on the account was made with a Bessemer Building Improvement, Inc., check, and the fact that there was no evidence that any purchases were made by Harris before the incorporation.
The facts in the present case are even more compelling than in McConnell and Harris. Style Advertising began performing advertising services for Valley View Condominiums in early 1980. Centennial Housing, Inc., was not incorporated until late 1980, after Style had substantially completed its services. There is no evidence to indicate that Style was told a corporation was to be formed or told it was to look to a corporation for payment. Two payments were made to Style on Centennial Realty Company checks, not Centennial Housing, Inc., checks. Style addressed its statements to Valley View Condominiums and was never told to do differently. Further, Style was informed by McClure, an employee of Gary Smith, that Smith had to approve any advertising proposals. Considering the evidence, it is neither palpably wrong nor manifestly unjust to conclude that Gary Smith and Valley View Associates, Ltd., are liable for the advertising. This conclusion is further supported by the fact that the partnership owned the apartments during the time when Style performed most of its work.
Appellants contend that the letters exchanged between Gary Smith and Style Advertising in March 1981 constitute both the only "meeting of the minds" between the parties regarding the advertising contract and the only reduction of the advertising agreement to writing. In these letters, *Page 1197 
Gary Smith, as president of Centennial Housing, Inc., offered to pay a finance charge to Style immediately, and the principal by the end of April. Oelschlaeger's letter of March 9, 1981, accepted this offer. Appellants state that since Smith was clearly acting as an agent of Centennial Housing, Inc., in negotiating this agreement, and since the letters represent the only written contract and the only "meeting of the minds" between the parties involved, then Centennial Housing, Inc., is the only party liable for the principal.
There is no requirement, however, that the contract between Style and Valley View Associates, Ltd., be written to be binding. Also, the letters exchanged in March 1981, do not represent the only "meeting of the minds" on the advertising agreement. In early 1980, Oelschlaeger, representing Style, orally agreed with McClure, an agent of Gary Smith, to provide advertising services. Thereafter, proposals were submitted and approved by Smith on a monthly basis. Thus, there was a meeting of the minds long before the March 1981 letters, and a binding contract was in effect.
The trial court held that the letters of March 1981 constituted an agreement by Centennial Housing, Inc., to become additionally liable on the obligation of Valley View Associates, Ltd., in exchange for Style's agreement to forbear bringing suit. We agree. These letters, however, do not release the original obligor, Valley View Associates, Ltd., from its liability. Valley View Associates, Ltd., and its general partner, Gary Smith, are liable to Style Advertising for the advertising services performed in regard to the sale of Valley View Condominiums.
For the above-stated reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.