MADDOX, Justice.
The plaintiffs, Rayburn and Doris Nichols, filed suit against Southeastern Property Management, Inc. (hereinafter “Southeastern”), and Dennis Guthrie, an employee of Southeastern. The Nicholses charge that Guthrie, while within the line and scope of his employment with Southeastern, assaulted Rayburn Nichols. The trial court granted Southeastern’s motion for summary judgment and this appeal ensued.
Mr. Nichols claims that he was thrown down the stairs of a Southeastern-managed apartment building by Guthrie, who he claims was working as a maintenance supervisor for Southeastern at the time. Doris and Rayburn Nichols were in the second floor breezeway of Serene Valley Apartments, banging on their son’s apartment door, when they were approached by Guthrie, whose apartment shared the breezeway. Guthrie told them that he was the maintenance manager and that if they would get authorization from the management he could open the door for them. The Nicholses declined and Rayburn Nichols continued banging on the door. Guthrie then informed the Nicholses that the banging could not continue and that they should leave. The Nicholses refused to leave and an altercation ensued, which resulted in Rayburn Nichols’s descent down the stairs.
Suit was filed on June 11, 1987, and the “scintilla rule” applies. See § 12-21-12, Code 1975.[1]
Under that rule, if a scintilla of evidence exists to support the position of the party against whom a motion for summary judgment is made, summary judgment must be denied. Harold Brown Builders, Inc. v. Jordan Co., 401 So.2d 36 (Ala.1981). Summary judgment is proper only when the pleadings and affidavits submitted by the movant show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Bon Secour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala.1981).
The sole issue presented is whether there was evidence that Guthrie was acting within the line and scope of his employment with Southeastern at the time of the altercation. If the evidence establishes that the act was committed in the line and scope of Guthrie’s employment, then Southeastern may be held liable even though it did not authorize the means used by Guthrie in *866 carrying out his duties. Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970).
Guthrie, in his deposition, stated that it was part of his job to handle outside disturbances and that he was on duty 24 hours a day. This testimony, standing alone, presents the requisite scintilla that Guthrie was working within the line and scope of his employment in responding to the noise created by Rayburn Nichols.
The trial court therefore erred in entering summary judgment as to Southeastern. The judgment is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. Section 12 — 21—12(e), Code 1975, provides that actions pending on June 11, 1987, are not subject to the new “substantial evidence” rule.