# Owensboro Wagon Company *v.* Bliss *et al.*

## *Action on Common Counts.*

(Decided November 27, 1901.)

1. *Corporation de facto; what is.*—A corporation *de facto* exists, when from irregularity or defect in the organization or constitution, or from some omission to comply with conditions precedent, a corporation *de jure* is not created, but there has been a colorable compliance with the requirements of some law under which an association might be lawfully incorporated for the purposes and powers assumed, and a user of the rights claimed to be conferred by the law—when there is an organization with color of law and the exercise of corporate franchises.

2. *Corporation de facto, rights of; how legality of its existence inquired into.*—A corporation *de facto* is under the protection of the same law and governed by the same legal principles as a corporation *de jure*, so long as the State acquiesces in

[Owensboro Wagon Company v. Bliss *et al.*]

its existence and exercise of corporate functions; and the legality of its existence can only be inquired into by the State, under whose laws it was sought to be created, in a direct proceeding; it cannot be inquired into collaterally by a private citizen whose rights are not invaded and who has no cause of complaint.

3. *Corporation de facto, estoppel to deny existence of.*—One who contracts with a *de facto* corporation is estopped to deny its rightful existence in a suit by the corporation on the contract.

4. *Same; when stockholders in cannot be held liable as partners.* Where a corporation is attempted to be organized under section 1252, *et seq.*, of the Code, and its organization is defective and imperfect through failure to record the incorporation papers and to issue a certificate of incorporation, it is a *de facto* corporation; and subscribers to its stock, whose subscriptions have been paid, and who were guilty of no fraud in the organization of the corporation, and who never agreed to be anything more than stockholders therein, and never consented to become partners in said corporation, or held themselves out as such, cannot be held liable as partners on an account against the corporation.

5. *Corporation de facto, constructive notice of existence.*—Where the incorporation papers, other than the certificate of incorporation, were on file in the office of the probate judge at the time a contract was entered into with the corporation, and had been on file for four months, the party so contracting is chargeable with notice that it is a *de facto* corporation, even though such papers be not recorded.

6. *Corporation de facto, failure to pay license fees as affecting.* The failure to pay the license fee for doing business required by section 1287 of the Code, does not affect the existence of a *de facto corporation*, or render the stockholders therein liable as partners.

7. *Filing of paper; what constitutes.*—In the absence of statute prescribing what constitutes the filing of a paper, it is "filed" whenever it is delivered to and received by the proper officer, whether endorsed "filed" or not.

8. *Partnership, declarations of partner not admissible to prove.* The declarations of one partner, not made in the presence of his co-partner, are never competent to prove the existence of the partnership.

9. *Same; when admissible.*—It is only when the partnership has been otherwise proved, that the declarations of one partner are evidence against the other as to the conduct of the partnership business.

Vol. 132.

10. *Partnership; proof of by general reputation.*—The existence of a partnership can never be established by general reputation or on hearsay evidence.

11. *Partner, holding oneself out as.*—In the absence of an agreement to become a member of a partnership, one cannot be held liable as a partner unless he holds himself out as such or permits himself to be so held out.

APPEAL from Lauderdale Circuit Court.

Tried before Hon. E. B. ALMON.

This was an action on the common counts by The Owensboro Wagon Company against R. L. Bliss and George Young, they being sued as partners in the Farmers' Implement Company, which was alleged to be a partnership. The trial was had upon issue joined on the plea of the general issue, a special plea denying the existence of the partnership, and a special plea setting up substantially the facts as shown in the opinion regarding the proceedings to organize the Farmers' Implement Company as a corporation, and further alleging that defendants and their associates proceeded to do business as such corporation, and that the debt sued on was contracted with it as such and not otherwise. The opinion states the facts sufficiently.

The circuit court rendered judgment for the defendants, and plaintiff appeals.

JOHN T. ASHCRAFT and ROBERT E. SIMPSON, for appellant.—Upon the points treated in the opinion, cited the following authorities: *Clark v. Jones*, 87 Ala. 474; Code, §§ 986, 1252, 1285, 1287, 4122, 5467; *Floyd v. Clayton*, 67 Ala. 265; 8 Enc. of Pl. & Pr. 923; *Pinders v. Yager*, 29 Ia. 468; *Pfirman v. Henkle*, 1 Bradw. (Ill.), 145; 21 Col. 263; 7 Am. & Eng. Enc. of Law, (2d ed.), 656, note 1 Beach on Priv. Corp. § 16; 56 Ia. 104; *Christian Craft Grocery Co. v. Fruitdale Lumber Co.*, 121 Ala. 340; 14 Cal. 424; 45 Cal. 313.

C. E. JORDAN and EMMET O'NEAL, *contra*, cited *Snider's Sons v. Troy*, 91 Ala. 224; *C. A. & M. Ass'n. v. A. G. L. I. Co.*, 70 Ala. 120; *Corey v. Lee*, 93 Ala. 468; Clark on Corp. p .108; Cook on Corp. (4th ed.), §§ 424,

233; *Fay v. Noble,* 7 Cush. 192; 29 Am. St. Rep. 60, note; *Bibb v. Hall,* 101 Ala. 97; *George on Partnership,* p. 80, *et seq.; Humes v. O'Bryan,* 74 Ala. 64; *Clark v. Taylor,* 68 Ala. 454; *First Nat. Bank v. Leland,* 122 Ala. 290; *The Christian, etc. Grocery Co. v. Fruitdale Lumber Co.,* 121 Ala. 340; *Marble v. Lypes,* 82 Ala. 322; Bates on Partn., § 99.

HARALSON, J.—"A corporation *de facto* exists, when from irregularity or defect in the organization or constitution, or from some omission to comply with the conditions precedent, a corporation *de jure* is not created, but there has been a colorable compliance with the requirements of some law under which an association might be lawfully incorporated for the purposes and powers assumed, and a *user* of the rights claimed to be conferred by the law—when there is an organization with color or law, and the exercise of corporate franchises."—*Snider v. Troy,* 91 Ala. 224; *Cen. Agr. & Mech. Asso.* v. *Ala. Gold Life Ins. Co.,* 70 Ala. 120.

"Corporations may exist either *de jure* or *de facto.* If of the latter class, they are under the protection of the same law, and governed by the same legal principles as those of the former, so long as the State acquiesces in their existence and exercise of corporate functions. A private citizen, whose rights are not invaded, who has no cause of complaint, has no right to inquire collaterally into the legality of its existence. This can only be done by a direct proceeding on the part of the State, from whom is derived the right to exist as a corporation, and whose authority is usurped."—*Ib.; Lehman v. Warner,* 61 Ala. 455.

It is also well settled, as a corollary to the foregoing principles, that when one contracts with a corporation, which is in the exercise of corporate functions, but which is a *de facto* corporation merely, he will not, in a suit by the corporation on a contract made by him with it in its corporate name, be allowed to deny and disprove the rightfulness of its existence.—4 Am. & Eng. Ency. Law, 198; *Smartwood v. Mich. A. L. R. Co.,* 24 Mich. 390. In the case last cited, COOLEY, J., declares, that "it

is plainly a dictate, alike of justice and public policy that in controversies between the *de facto* corporation and those who have entered into contract relations with it, as corporators or otherwise, that such questions should not be suffered to be raised."—*Snider v. Troy, supra; Cahall v. Citizens' M. B. Asso.*, 61 Ala. 232. In the Snider and Troy case it was further held that the same principle applied, whether in suits against stockholders to enforce unpaid subscriptions,—in which case the stockholder will not be allowed to dispute the due incorporation of the company,—or by a creditor of the corporation, who by denying the existence of the corporation, seeks to recover ·his debt against the stockholders, by suing them as partners. It is a correct and well settled principle, that "persons who have contracted with the corporation as such, and have acquired liens against it, are estopped from denying its corporate existence, for the purpose of holding its shareholders liable as partners."—*Snider's case, supra;* Taylor on Corporations, § 148. "A corporation *de facto* has an independent status, recognized by the law, as distinct from that of its members. A partnership is not the necessary legal consequence of an abortive attempt at incorporation." Adopting the language in *Foy v. Noble,* 7 Cush. 188, this court said in *Snider's case,* "Surely it cannot be, in the absence of all fraudulent intent, that such a legal result follows, as to fasten on parties involuntarily, for such a cause, the enlarged liability of co-partners, a liability neither contemplated nor assented to by them."

The facts in this case, without conflict, show that the defendants and a number of other persons, pursuing closely the provisions of the statute for the purpose (Code, Art. XI, p. 425), associated themselves together for the purpose of incorporating the Farmers' Implement Company. They filed their declaration in the office of the probate judge of Lauderdale county, in accordance with the provisions of section 1252 of the Code. This declaration was indorsed "Farmers' Implement Co. Declaration." "I hereby certify that the within conveyance was filed in the office for record on the 5th

17s

day of February, 1898, and duly recorded in Vol. . . . .
of . . . . . . . . . ., on page . . . .          Judge of Probate."

The word "conveyance," in this certificate was a mere
self-corrective clerical error, used for the word declara-
tion; and the fact that the name of the judge of probate
is not signed thereto, amounts to nothing. In the ab-
sence of statute prescribing what constitutes the filing
of a paper, it is said to be filed whenever it is delivered
to and received by the proper officer. A bill in chancery,
for instance, is to be considered as filed, when it is put
in the custody and power of the court, by depositing it
with the register, or with his assistant in his office, with
the intention of filing it, although the fact and date of
filing are not then indorsed on it.—*Ex parte Stow*, 51
Ala. 69; *Truss v. Harvey*, 120 Ala. 636; 8 Am. & Eng.
Ency. Pl. & Pr. 928.

On the same day the declaration was filed, the judge
of probate issued to two of the proposed incorporators,
a commission to open books of subscription to the capi-
tal stock of the corporation, as per section 1253 of the
Code. Afterwards, the commissioners, acting under
this commission, opened books of subscription, and more
than 50 per cent of the capital stock was duly subscribed
by parties deemed solvent, a list of whom was returned
to the court, as a part of the report of the commission-
ers, and payments in money were made by each of the
subscribers of at least 20 per cent. of the stock sub-
scribed by them, respectively. The subscribers met and
organized the corporation by the election of a board of
directors, a president, a secretary and general manager,
and a treasurer, all of which was duly certified and re-
turned in writing to the judge of probate, as provided
by section 1255 of the Code. The only missing links
for the perfection of a corporation *de jure* under the
statute, as appears, were, that these papers, so returned
and filed with the probate judge, were never recorded
in his office, and no certificate of incorporation was is-
sued by said judge, declaring said corporation fully or-
ganized, as provided by said section 1255 of the Code.
It is too plain for controversy, that a corporation *de
facto* was thus created, there being no allegation or evi-
dence of fraud on the part of defendants and associates

[Owensboro Wagon Company v. Bliss *et al.*]

in the premises. The evidence shows, and the fact is undisputed, that under such incorporation, the company entered upon the transaction of business; that it was understood in the community to be a corporation, and, as such, it instituted and maintained suits in the justice's court of Florence. It was shown, that these defendants took no part in the management of the corporation; that they each paid in full, the stock subscribed by them, and never knew that a *de jure* corporation was not in fact organized, but supposed and believed it had been done. The defendant, Young, was president of the company, and testified that one J. M. Lassiter, the secretary and general manager, transacted all the business, and he, the witness, had nothing to do with its management, and never examined the books of the concern. The defendant, Bliss, testified to the same thing, as for himself. There was no evidence tending to show, that defendants had anything to do with contracting the account on which they are sued, or knew anything about it; nor that they ever consented to become partners in said corporation, or agreed to be anything more than stockholders therein, or ever held themselves out, or agreed that any one else should hold them out as partners therein, or were guilty of any fraud in the organization of said company. So far as the evidence shows or tends to show, their conduct was characterized by good faith towards their associates and the persons transacting business with the company.

The evidence of plaintiff tended to show, that it had no actual notice of the incorporation of said company as a *de facto* organization, even. Its secretary and treasurer, W. A. Steele, testified by deposition, that no member of the Farmers' Implement Company ever informed the plaintiff that said Implement Company was a corporation; that plaintiff never heard that it was such an organization, and that he thought that J. M. Lassiter, deceased, who was the secretary and managing agent of said Implement Company, informed the plaintiff by letter that defendants were members of a co-partnership by that name, though he could not find or produce said letter. The evidence does not show, however,—even if

that statement were taken as evidence of the fact, a question we need not decide,—that either of defendants ever authorized Lassiter to make such an admission as to them, or that they ever knew he made any such statement, without which, they were not bound by his declarations. The declarations of one partner, not made in the presence of his co-partner, are never competent to prove the existence of the partnership between them. It is only when the partnership has been otherwise proved, that the declarations of one partner are evidence against the other, as to the conduct of the partnership business. The existence of a partnership can never be established by general reputation or on hearsay evidence.—*First N. Bank of Tuscaloosa v. Leland,* 122 Ala. 289.

In the absence of an agreement to become partners in the company, defendants cannot be held liable as such, unless they hold themselves out as partners. Holding one's self out, or permitting himself to be held out as a partner in a firm, will make him liable as such, to third persons who have been misled by, or who have acted upon such holding out; and in such case, the one so held out would be estopped as to them to deny that he was a partner.—17 Am. & Eng. Ency. Law, 879; George on Part. p. 80; *Marble v. Sypes,* 82 Ala. 322; *Ala. F. Co. v. Reynolds,* 85 Ala. 19. As we have said, there is an entire absence of evidence tending to show that defendants ever knowingly or intentionally entered into a partnership relation with their associates, or ever held themselves out as co-partners with them, or permitted any other person to do so.

The evidence shows, furthermore, beyond conflict, that at the time the plaintiff's contract with the Farmers' Implement Company was entered into,—on the 2d July, 1898,—the papers above referred to, for the incorporation of said company, were on file in the office of the probate judge, having been filed therein, on the 5th of February, preceding, and remained there on file, until the 28th of October following, when the judge of probate allowed J. M. Lassiter to take them away,—for what purpose is not shown. The judge took the receipt of Lassiter for the papers, which receipt the judge himself wrote or dictated, reciting what papers they were,

and that they were "all the papers that were ever filed in the office of the said probate judge, of said corporation."

The plaintiff, at the time it contracted with said association had thus, constructive notice of what was done towards the incorporation of the company, and that it had, at least, a *de facto* existence, which status was unaffected by the action of said Lassiter, in taking said papers from the probate office.

The fact that the Farmers' Implement Company had not, at the time it purchased the goods from plaintiff, paid the state and county license to do business, could not affect the status of the *de facto* corporation differently from what it would have affected a *de jure* corporation. The only possible effect such failure could have, would have been to render the company liable to the penalty prescribed by statute in such cases.

It is contended, again, that the failure to pay the fee prescribed by section 1287 of the Code, rendered the effort at incorporation abortive, and that the company, in consequence, did not have a *de facto* existence, even. In the *Christian & Craft Grocery Co. v. Fruitdale L. Co.,* 121 Ala. 340, we held, that if a commission is issued to a corporation organized under the statutes, the fact that the required fee was not paid, would not, of itself, prevent the corporation from having a *de facto* existence; but its contract as stated, would be void. The statute under which that decision was made (Acts, 1894-95, p. 1024), provided that all contracts by any corporation which had not first complied with the requirement for the payment of this fee, should be wholly void. That provision was not carried into the Code of 1896, but was omitted therefrom—section 1287. Without reference to that fact, however, the failure to pay the fee, would not, as stated, of itself have prevented the formation of a *de facto* corporation. If they never intended, and did not agree to become partners, but desired in good faith to organize under the statute a corporation, which they failed to fully perfect ,but did organize one *de facto,* under color of law, which came into the exercise of corporate functions, the stockholders of such

[Daniel v. Bradford.]

an organization, cannot be made liable as partners.
Authorities *supra.*

Under the pleadings, and the legal evidence as developed on the trial, the court, in trying the case without a jury, very properly, as we think, found in favor of the defendants, and rendered judgment accordingly.

Affirmed.