A. L. HUMPHREYS *et al.*, *Plaintiffs in Error*, v. M. C. DREW, *Defendant in Error.*

1.  Section 2652 of the General Statutes of 1906 prohibits the transaction of any business by a corporation until certain specified requirements have been complied with and provides that if any corporation shall transact any business before complying with such requirements its incorporators and stockholders shall be personally liable for all of the corporation debts as if they were members of a general partnership and not stockholders of a corporation.

2.  The fact that creditors deal with and extend credit to a concern as a corporation does not estop them from enforcing the personal liability of the stockholders for failure to comply with the requirements of section 2652 of the General Statutes of 1906.

3.  The stockholders of a proposed corporation who execute a promissory note in the name of such corporation prior to the issuance of the letters patent are liable as members of a general partnership for the amount of such note, under the provisions of section 2652 of the Statutes of 1906, and an action thereon may be maintained against them as partners.

4.  If pleas are so faulty and defective as to be wholly bad and to constitute practically no defense, or clearly tend to confuse the issue, as the case may be, so that the court would be warranted in striking out such pleas of its own motion, no reversible error is committed in sustaining a demurrer thereto, even though the proper method of attack might be by motion.

5.  The findings of a referee upon questions of fact, where the witnesses are examined before him, are entitled to the same weight as the verdict of a jury.    In neither the one case nor the other would an appellate court be warranted in disturbing such findings or verdict in reversing the judgment because the evidence adduced is conflicting.

This case was decided by Division A.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Humphreys & Harrell* and *Carter & McCollum,* for Plaintiffs in Error;

*Charles E. Davis,* for Defendant in Error.

SHACKLEFORD, J.—The defendant in error brought an action of assumpsit against the plaintiffs in error, which was referred by agreement of the parties for trial and disposition to Hon. A. B. Small, by whom a judgment was rendered in favor of the plaintiff in the court below for $1,687.13, damages, and $48.16, costs, which judgment the defendants seek to have reviewed here by writ of error. The action is brought against the defendants as partners doing business under the name of The Live Oak Brick & Supply Co. and it is sought to recover a balance alleged to be due upon a certain promissory note, a copy of which is attached to the declaration as the cause of action. The declaration contains three counts. Very briefly stated, the first count alleges the execution of a certain promissory note by the defendants, bearing date the 3rd day of October,. to the order of McDonald Brick & Cement Co., for the sum of $2,896.97, payable sixty days after date, with interest from date at the rate of ten per cent. per annum, that the McDonald Brick & Cement Co. assigned the same to the plaintiff. The second count alleges that the defendants filed their application for a charter of incorporation as The Live Oak Brick & Supply Co., on the 19th day of September, 1906, which application was granted and letters patent issued on the 20th

day of the succeeding October, but that prior to such date, to-wit, on the 3rd day of October, 1906, the defendants, being indebted to McDonald Brick & Cement Co. in the sum of $2,896.97, by and under the style of The Live Oak Brick & Supply Co., made their promissory note by which they promised to pay to the order of such creditor such sum of money, sixty days after date, which note was then and there assigned to the plaintiff. The third count is but little more than a condensed statement of the first count.

The first error assigned and urged before us is the sustaining of a demurrer to the second plea of defendants. Such plea is as follows:

"And for a second plea, these defendants say that the said M. C. Drew and the McDonald Brick & Cement Company, before the incorporation of the firm as alleged and since the said time, have been dealing with the Live Oak Brick & Supply Company, as a corporation and every transaction had between the Live Oak Brick & Supply Company before and since the execution of the said note has been a transaction as a corporation. Defendants further say that the said M. C. Drew, by receipts for money paid and by letter and otherwise, has repeatedly recognized and dealt with this company as a corporation. Wherefore, these defendants say that the said M. C. Drew is estopped to deny that the plaintiff in this cause was a corporation or is a corporation."

The substantial matters of law intended to be argued in support of the demurrer were stated as follows:

"1.—The facts set up are not sufficient to estop plaintiff.

2.—It neither traverses nor confesses and avoids the declaration.

3.—It sets up no misrepresentation on the part of the plaintiff.

4.—The laws fixes the status of the defendants.

> 5.—It is not shown that the defendants have acted in
> their prejudice on representations or actions
> of the plaintiff."

In support of this assignment, the plaintiffs cite and
rely upon the following authorities: Coogler v. Rogers,
25 Fla. 853, 7 South. Rep. 391; Jackson Sharp Co. v.
Holland, 14 Fla. 384; Booske v. Gulf Ice Co., 24 Fla. 550,
5 South. Rep. 247; Owensboro Wagon Co. v. Bliss, 132
Ala. 253, 31 South. Rep. 81; Morawetz on Private Cor-
porations (2nd ed.) Paragraphs 750, 774 and 778. We
have carefully examined these authorities and are of the
opinion that they signally fail to sustain the contention
of the plaintiffs in error. We would refer to Section
2652 of the General Statutes of 1906, which is as follows:

"2652. (2127) Corporation not to transact business
until certain requisites complied with.—No corporation
shall transact any business until it has had the letters
patent with a certified copy of the charter recorded in
the office of the clerk of the circuit court of the county
wherein the principal place of business is located, and
has also filed with the Secretary of State and with the
said clerk (except in the case of building and loan asso-
ciations) duplicate affidavits by its treasurer that ten
per cent. of its capital stock has been subscribed and paid.
If any corporation shall transact any business before
complying with these requirements, or if any corporation
chartered by a special act of the Legislature shall trans-
act any business before filing said duplicate affidavits and
paying the charter fees required by law to the Secretary
of State for the State treasury, its stockholders, or in
the latter case its incorporators and stockholders, shall
be personally liable for all of the corporation debts as if
they were members of a general partnership and not
stockholders of a corporation."

See Heinberg Bros. v. Thompson, 47 Fla. 163, 37 South.

Rep. 71, which seems to us absolutely decisive of the point. The note in question was executed prior to the issuance of the letters patent, at which time the defendants had no corporate existence of any kind, either *de jure* or *de factor*. The plea is doubtless defective as a pleading for other reasons, but it is unnecessary for us to consider them. This assignment must fail.

After the sustaining of this demurrer the defendants filed four amended pleas, the second and fourth of which are as follows:

"And for a second plea, to each and every count of plaintiff's declaration herein, these defendants pray judgment of said cause because they say that the said alleged note and promise in the said declaration mentioned, if any such were made, were made jointly with the McDonald Brick & Cement Company, a corporation under the laws of the State of Florida, doing business in the city of Jacksonville, in Duval County, Florida, and who is still doing business in Duval County, Florida, and within the jurisdiction of this court, and not by these defendants alone, and this the said defendants are ready to verify; wherefore, inasmuch as the said McDonald Brick & Cement Company are not named in the said writ together with the said defendants, they, the said defendants, pray judgment of said writ, and that the same may be quashed."

"And for a fourth plea, these defendants say that plaintiff ought not to have and maintain his said action against them, because they say that the said M. C. Drew, plaintiff in this cause, and the said McDonald Brick & Cement Company, a corporation under the laws of the State of Florida, and doing business in the city of Jacksonville, in Duval County, Florida, were co-partners with these defendants and members of the said firm of the Live Oak Brick & Supply Company, at the time of the

execution of the alleged note; that the McDonald Brick & Cement Company was duly authorized by its charter; that the said M. C. Drew and the said McDonald Brick & Cement Company were the owners of a large amount of the capital stock of the firm of the Live Oak Brick & Supply Company, to-wit: $2,000, at the time of the execution of the said note; that at the time of the execution of said note, the said partnership business had not been settled and that the execution of said note was a partnership transaction and for and on behalf of partnership business. All of which these defendants stand ready and willing to verify; wherefore, these defendants pray judgment, if plaintiff ought to have his aforesaid action against them."

The plaintiff filed a motion to strike all of such pleas, which was granted only as to the second and fourth pleas, and this ruling forms the basis for the second and third assignments. The grounds stated in the motion as to the second plea are as follows:

"a. It is the second successive plea in abatement to the declaration.

b. It sets up matter contained in former plea overruled by the court.

c. Corporations are incapable of entering into partnership relations with others."

The grounds stated in the motion as to the fourth plea are as follows:

"a. It attempts to set up matter in abatement.

b. It contains in substance matter set up in first and second pleas.

c. It neither traverses, nor confessed and avoids.

d. It is repugnant.

e. Corporations cannot enter into partnership relations with others."

We would call attention to the fact that nowhere in

the motion to strike is it alleged or set forth that such pleas were "so framed as to prejudice or embarrass or delay the fair trial of the action," for which reasons the same were liable to be stricken out, as provided by Section 1433 of the General Statutes of 1906. We have set forth the grounds of the motion as applied to each of the stricken pleas.

A demurrer was also filed contemporaneously with the motion to strike which was directed to all of the pleas and which was overruled as to the first and third pleas, but no ruling whatever appears to have been made thereon as to the second and fourth pleas, so that matter is not before us for consideration. A careful examination of the two pleas which were so stricken discloses that they are quite faulty and defective, so much so in fact that we are of the opinion that the trial court would have been justified in striking them out of its own motion. This being true, it necessarily follows that no error was committed in granting the motion, even though it may not have been framed in accordance with the statute. See Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241; O'Brien v. State, 55 Fla. 146, 47 South. Rep. 11; Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351; Hammond v. Vetsburg, 56 Fla. 369, 48 South. Rep. 419; McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910; Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. These two assignments have not been sustained.

This brings us to the fourth and last assignment, which is based upon the overruling of the motion for a new trial. This motion contains seven grounds, but no useful purpose would be served by discussing them in detail. Suffice it to say that the main contention urged before us is as to the sufficiency of the evidence to sustain the findings of the referee. It is settled law in this court that the findings of a referee upon questions of fact,

where the witnesses are examined before him, are entitled to the same weight as the verdict of the jury. In neither the one case nor the other would an appellate court be warranted in disturbing such findings or verdict or in reversing the judgment because the evidence adduced is conflicting. Brown v. Bowie, 58 Fla. 199, 50 South. Rep. 637, and authorities there cited. We are of the opinion that the evidence is amply sufficient to support the findings of the referee. It follows from what has been said that the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in- the opinion.

Petition for rehearing in this case denied.