SUMNER-MAY HARDWARE COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. W. SCALLY AND H. D. BASSETT, *Defendants in Error*.

Opinion Filed July 1, 1913.

Rehearing Denied July 9, 1913.

CORPORATIONS—DEBTS CONTRACTED BY PROMOTORS FOR CORPORATION—NOT GENERALLY ENFORCIBLE AGAINST IT.

The settled general rule is that contracts made for a corporation by its promotors prior to its creation are not enforceable by or against the corporation after its organization.

Writ of error to Circuit Court of Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Wall & McKay*, for Plaintiff in error;

*McMullen & McMullen*, for Defendants in error.

TAYLOR, J.—The deefndants in error, hereinafter referred to as the plaintiffs, sued the plaintiff in error, hereinafter referred to as the defendant, in an action of assumpsit in the Circuit Court of Hillsborough County, and recovered judgment for $2,000.00 with interest from March 16th, 1912, at the rate of 8% per annum—this judgment the defendant brings here for review by writ of error. The declaration in the case is as follows:

"The plaintiffs aforesaid by their attorneys sue the defendant aforesaid,

First.   For the sum of two thousand dollars lent by the plaintiffs to the defendant before the institution of this suit.

Second.   And for a like sum for money paid by the plaintiffs for the defendant at its request before. the institution of this suit.

Third.   And for a like sum for that on the 16th day of March, A. D. 1912, F. A. May, L. S. Sumner, W. L. Hendry and C. B. Brandon composed the partnership under the firm name and style of Sumner-May Hardware Company, and on the last mentioned date were then incorporating the said company under the laws of the State of Florida, and on the 21st day of March, A. D. 1912, the Governor of the State of Florida issued letters patent to the above named parties duly incorporating them under the firm name and style of Sumner-May Hardware Company; that on the said 16th day of· March, A. D. 1912, the said Sumner-May Hardware Company as a partnership borrowed from the plaintiffs the sum of two thousand dollars, and thereafter the said Sumner-May Hardware Company as a corporation took over all the assets and assumed the liabilities of the said Sumner-May Hardware Company as a partnership, and issued to the said partners the capital stock of the said corporation in payment for their respective interests in the business in the said partnership; that thereby the said defendant then and there became liable to the plaintiffs for the indebtedness aforesaid.   And plaintiffs bring suit and claim damages in the sum of. three thousand dollars."

The proofs in the case establish the following state of facts:  One Sumner, Brandon and F. A. May had been conducting a hardware business as a partnership, and concluded to incorporate and thereafter conduct the same hardware business as a corporation under the corporate

name of the Sumner-May Hardware Company. They got up articles of incorporation, gave the required notice and each one of the former co-partners subscribed for $4,000 of the capital stock of the corporation, as did also Mr. Hendry and Mr. Moody. Prior to the issuance of the Certificate of Incorporation or Charter, F. A. May, who was the brother-in-law of the plaintiff J. W. Scally, finding that he did not have enough money by $2,000, to pay for his $4,000 stock subscription, applied to his brother-in-law Scally and Scally's partner, H. D. Bassett, to take $2,000 of his stock subscription, and upon their declining to do so procured their endorsement of his note for $2,000 made payable to them so that he could have it discounted at some bank and thus secure the money with which to pay his stock subscription in the corporation. The note was made by May to Scally and Bassett and was endorsed by the latter as accommodation endorsers and was discounted by a bank and the proceeds of the discount was paid by May into the treasury of the corporation in payment of his stock subscription. When the note fell due the endorsers had to pay and did pay the same. There was some testimony by the plaintiff Scally that before he gave permission to have their endorsement of this note used, that Sumner, Brandon, May and Hendry, all of whom were then simply promoters of the corporation which had not then been chartered, agreed that the money raised thereby should be a loan to the company and would be repaid by the company, and that the defendant company got and retained the proceeds of this discounted note. But this testimony does not help the plaintiff's case for two reasons: First, because the promise, if any, by the said promoters was a promise to pay the debt of another, *viz.*, that of F. A. May, and should have been in writing; and, second, because this suit is against the

corporation to enforce an alleged indebtedness created for it before its incorporation by its promotors, and that, too, for money shown to have been loaned to a subscriber for the stock of the corporation with which to pay for his stock subscription in said corporation. The settled general rule is that contracts made for a corporation by its promotors prior to its creation are not enforceable by or against the corporation after its organization. Alger on Promotors & Promotion of Corporations, Sec. 194 and citations. There is nothing in the facts of this case that exempts it from this rule.

Under the facts in proof there is no liability in law of the defendant corporation as such to the plaintiffs, and the court below erred in refusing to instruct the jury to return a verdict for the defendant below. The judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendants in error.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.