STATE, *ex rel.* M. S. PALMER, v. HARRY R. HEWITT, County Judge, and JANET WATERMAN.

156 So. 236.
Opinion Filed August 6, 1934.

*B. K. Roberts* and *Blanchard & Hoffman,* for Plaintiff in Error;

*Bussey, Mann & Barton,* for Defendants in Error.

PER CURIAM.—This is the second appearance of this controversy in this Court. See Hewitt v. State, *ex rel.* Palmer, 108 Fla. 335, 146 Sou. Rep. 578. Upon the going down of the mandate after the case had been decided here on the former writ of error, plaintiff in the prohibition proceeding applied for leave to amend his suggestion so as to present additional matters intended to meet the legal insufficiencies found in plaintiff's case on the first appeal.

After a full hearing on the motion to file amended pleadings the Court denied the motion and entered a final judgment dismissing the suit. From the latter judgment was prosecuted this second writ of error.

It is within the province of the Circuit Court when its judgment in favor of a plaintiff has been reversed with directions to have such further proceedings as may be in accordance with the opinion of the Supreme Court, to per-

mit, in its sound discretion, appropriate amendments to plaintiff's pleadings designed to more clearly develop the real controversy between the parties, so long as the nature and the theory of the plaintiff's case as presented to the Supreme Court in the first instance, is not entirely changed or abandoned. See Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. Rep. 792.

But where proposed amendments are insufficient to make out a cause of action within the law of the case as theretofore decided by the appellate court, the Circuit Court will not be held in error in refusing to permit such amendments to be filed.

The rejected amended pleading tendered by plaintiff was insufficient to make out a case warranting a writ of prohibition absolute if its filing had been permitted, because the record of the proceedings before the County Judge clearly shows that a bona fide issue of forcible entry and unlawful detainer of lands was the real matter put in controversy by plaintiff's suit in the County Court. So no error was committed by the Circuit Court in refusing to permit the amended suggestion to be filed.

If the County Judge committed reversible error in directing a verdict when he should have permitted the case to go to the jury on the controverted fact of plaintiff's alleged abandonment prior to defendant's alleged entry, an appropriate remedy therefor exists by appeal from the County Court's judgment rendered on the directed verdict. But such an error (if it was committed) cannot be reached by a proceeding in prohibition, however clear the error might be made to appear in the County Court's proceedings.

Judgment affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.