185 So.2d 491 (1966)
S.A. AKEL and Elaine Akel, His Wife, Appellants,
v.
J.W. DOOLEY and Asenath P. Dooley, His Wife, Appellees.
No. 5972.
District Court of Appeal of Florida. Second District.
April 15, 1966.
Rehearing Denied May 11, 1966.
Eli H. Subin, of Roth, Segal & Levine, Orlando, for appellants.
Rantson E. Davis, of Davis & McLin, Leesburg, for appellees.
ALLEN, Chief Judge.
This is an appeal from a summary judgment rendered in favor of the appellees, plaintiffs below, as lessors, against the appellants, defendants below, as lessees, *492 in a suit for rent under a lease between the appellees and the Akel Corporation, a Florida corporation, in which the appellants were officers.
The lease in question was executed before the incorporation of Akel Corporation, although the corporation came into existence prior to the start of the leasehold term.
In Nichols v. Bodenwein, 1932, 107 Fla. 25, 146 So. 86, the Supreme Court said:
"This court has said: `The settled general rule is that contracts made for a corporation by its promoters prior to its creation are not enforceable by or against the corporation after its organization.' Sumner-May Hardware Co. v. Scally et al., 66 Fla. 93, 62 So. 900. We have also approved the following:
"`"An agent will be held personally liable where he professes to enter into a contract for a principal who is at the time non-existent, or legally incompetent or irresponsible, even though in thus entering into the contract he acts in good faith, as an agent assuming to contract for a principal must make a contract binding upon same principal, or else he himself is liable. In accordance with this rule it has been held that an agent is personally liable where he professes to enter into a contract on behalf of an unincorporated association, club or committee, or on behalf of a corporation, before its incorporation."' I.W. Phillips & Co. v. Hall, 99 Fla. 1206, 128 So. 635-637; Bryce v. Bull, decided at this Term [106 Fla. 336] 143 So. 409."
On rehearing, the Court held that a purchaser dealing with promoters was not estopped to deny existence, since it is against the public policy of the state, as expressed in the statute, for individuals to do business as a corporation without complying with corporation laws, in addition to which there was no showing that purchaser had any knowledge of nonexistence of pretended corporation at the time she entered into the contract.
The Court, in its opinion on rehearing, said:
"We are unable to agree with the earnest contention of counsel for appellees Marsh and Dashiell that, inasmuch as the contract was signed by the parties in a corporate name and the contract accepted by appellant, that she dealt with them as a de facto corporation, she is estopped to deny the corporate existence. First, it is against public policy of this state, as expressed in the statute, for individuals to do business as a corporation without complying with the corporation laws; the statute imposes a penalty of partnership liability upon the directors, and officers for so doing, and the contracts so entered into are not enforceable either by or against the corporation. Sumner-May Hardware Co. v. Scally et al., 66 Fla. 93, 62 So. 900. Second, there is no showing that appellant had any knowledge of the nonexistence of the pretended corporation at the time she entered into the contract and paid her money or did any act which appellees acted upon that worked an estoppel against her."
See also Charles v. Young, 1917, 74 Fla. 298, 76 So. 869; Humphreys v. Drew, 1910, 59 Fla. 295, 52 So. 362; Heinberg Bros. v. Thompson, 1904, 47 Fla. 163, 37 So. 71.
The appellees, J.W. Dooley and his wife, Asenath P. Dooley, filed a motion for summary judgment and each made an affidavit in support of said motion. Each affidavit, in effect, stated that at the time the lease agreement was made to Akel Corporation that no one mentioned to either of them anything about whether or not Akel Corporation was, at that time, incorporated, and that each of them was not aware of the fact that Akel Corporation was not incorporated as of the date of the lease. The affidavits also stated that they, the Dooleys, were not informed that the Akel Corporation was not incorporated as of the date of the lease until their attorneys so informed them after the institution of this suit.
*493 No counter-affidavits were made by the defendant-appellants.
Finding no error in the record, we affirm the trial judge.
Affirmed.
PIERCE, J., and LOVE, WILLIAM K., Associate Judge, concur.