PEARSON, Chief Judge.
These appeals are from a final judgment which granted appellee Elliott Roosevelt’s motion for judgment on the pleadings and an order denying, appellant, International Design’s motion for rehearing and motion for permission to file an amended complaint. The appeals have been consolidated for all appellate purposes. Appellant’s complaint was against Roosevelt and others as promoters of a corporation to be formed. The complaint is too abbreviated to be in good form, but alleged in numbered paragraphs as follows:
1) The defendants were promoters for a Florida corporation to be formed and named Rubin’s, Inc. or Rubin’s Franchises, Inc.
2) On or about July 18, 1969, the individual defendants in behalf of the corporation to be formed entered into a contract with the plaintiff for the professional services of the plaintiff.
3) The corporation was formed, and thereafter
4) the plaintiff performed under the contract.
5) The defendants refused to pay plaintiff for his services.
The complaint attached to it a written contract which was in fact signed by only one of the named defendants, it was signed “Rubins, Inc. by Harry W. Jehle.”
Appellees answered the complaint and denied the essential allegations and presented two affirmative defenses: 1) That the complaint failed to state a cause of action; 2) “the alleged contract attached to the contract marked exhibit “A” is not enforceable against Elliott Roosevelt inasmuch as said contract falls within the provisions of Florida Statutes § 671.206, 672.201 and/or 725.01, [F.S.A,]”
The trial judge entered final judgment upon the pleadings pursuant to a motion by the appellee, Roosevelt. In the final judgment, the court set forth the grounds for the judgment as follows:
“1. That the complaint is an action upon a written contract between the plaintiff and a purported Florida corporation, Rubin’s, Inc.
2. That one HARRY W. JEHLE signed the contract on behalf of Rubin’s, Inc.
3. That nowhere in said contract does the name ELLIOTT ROOSEVELT appear.”
We think that the trial court misconceived the nature of appellant’s complaint. It is treated entirely as a complaint upon a written contract of a corporation called Rubin’s, Inc. A reading of the complaint at least allows for the interpretation urged by the appellant that the action was not upon the written contract but upon the contract of the promoters which was evidenced by the contract signed by one of them. The liability of promoters for the debts of a corporation to be formed has been the subject of several appellate cases in Florida. In all of them it seems clear that the liability of the promoter is treated as primary, not as a guarantee, cf. Nichols v. Bodenwein, 107 Fla. 25, 146 So. 86, 659 (1932); Bean v. Harris, Fla.App.1968, 212 So.2d 368; Akel v. Dooley, Fla.App.1966, 185 So.2d 491; Katz v. Kenholtz, Fla.App.1962, 147 So.2d 342.
We hold that the contract in question is one which does not fall within the statute of frauds as a contract of guarantee. Plaintiff alleged that defendant Roosevelt was one of the promoters of a corporation to be formed' and that plaintiff entered into a contract with the promoters. Under such circumstances, the *780 promoter is primarily liable unless the promoter can show that the other party agreed to look only to the corporation which was to be formed for his recourse. Bean v. Harris, supra.
We are impressed with the fact that while the complaint had within it the germ of the cause of action it was not in conformity with RCP 1.110(b) (2), 30 F.S.A., in that it did not set forth “a short and plain statement of the ultimate facts. * * *” We therefore hold that the trial court did not err in dismissing the complaint but that he did err in entering the final judgment on the pleadings which effectively precluded appellant from amending the technically defective complaint. RCP 1.110(d) and 1.190. We reverse the judgment appealed and remand the cause with directions to enter an order dismissing appellant’s complaint and granting an appropriate time to file an amended complaint.
Reversed and remanded.