BERANEK, Judge.
This is an appeal by individual defendants from a final judgment entered for plaintiffs after a jury trial. By amended complaint, Florida Air Conditioners, Inc., sued Charles Buchanan and William F. Howard, claiming these two individual defendants were liable under Section 607.397, Florida Statutes (1975), which provides: “All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.” It was alleged that defendants, Buchanan and Howard, had assumed to act as a corporation by carrying on business in the name of Colonial Supply Company. Colonial Supply Company had never been incorporated under Florida law. The defendants, Buchanan and Howard, took the position that they as individuals had not carried on business as Colonial Supply Company but that this business (Colonial Supply) was really a subsidiary of another corporation owned by them and known as Tropic Air Heating and Cooling, Inc. This latter company was a properly incorporated entity.
The individual defendants have at all times in this suit asserted that Section 607.-397, Florida Statutes (1975), did not become effective until January 1, 1976. The cause of action in question accrued prior to January 1, 1976, and the defendants assert the statute was improperly applied by the trial court in this case. We agree and reverse.
The trial court herein denied a motion to dismiss the complaint filed against the individual defendants which was based solely upon Section 607.397. This initial denial of the motion to dismiss was error, and this error permeated the entire procedure thereafter. At all times the defendants continued to object, taking the position that the *1018 statute was not in effect and did not govern the debt in question. We agree and find that the trial court erroneously held the statute to be applicable and to be a proper basis for liability. The court further erroneously instructed the jury on the statute and the defendants were clearly prejudiced by this improper instruction. The final judgment below is reversed and the matter remanded for further proceedings consistent herewith.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS and DAUKSCH, JJ., concur.