390 So.2d 174 (1980)
FLORIDA AIR CONDITIONERS, INC., a Florida Corporation, Appellant,
v.
COLONIAL SUPPLY COMPANY, a Florida Corporation; Charles Buchanan and William F. Howard, Jointly and Severally, Appellees.
No. 80-279.
District Court of Appeal of Florida, Fifth District.
November 19, 1980.
James A. Sisserson, of Nance, Cacciatore & Sisserson, Melbourne, for appellant.
Frank R. Pound of Lovering, Pound & Lober, P.A., Cocoa, for appellees.
COWART, Judge.
In an action for debt appellants sued the corporate defendant-appellee Colonial Supply Company in three counts and in Count 4 sued the individual defendants-appellees Buchanan and Howard, essentially alleging that the individuals were liable as partners or proprietors of a business known as Colonial Supply Company and also that they had acted as a corporation without authority and were personally liable under Section 607.397, Florida Statutes (1975). Buchanan and Howard moved to dismiss Count 4 on the ground that the cause of action alleged accrued prior to effective date of Section 607.397, Florida Statutes (1975). That motion was denied. The counts against the *175 corporate defendant were severed and the case was tried to a jury on Count 4. During trial the plaintiff struck its allegations that the appellees were liable as partners or owners and the case was submitted to the jury solely on the theory of individual liability under the statute. The jury found for the plaintiffs on that theory. Buchanan and Howard appealed and that judgment was reversed because the motion to dismiss should have been granted on the ground urged and the case was remanded "for further proceedings consistent herewith." Buchanan v. Florida Air Conditioners, Inc., 374 So.2d 1017 (Fla. 4th DCA 1979). Upon remand plaintiff moved to amend its complaint to re-allege its original claim that Buchanan and Howard were liable in debt as partners or proprietors of the business incurring the debt. From the denial of the motion to amend this appeal was taken.
The question presented is the right of a litigant to amend pleadings after an appeal.
Appellant refers to Rule 1.190(e), Florida Rules of Civil Procedure, which provides in part as follows:
(e) Amendments Generally. At any time in the furtherance of justice, upon such terms as may be just, the Court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading.
and to the policy of the law to allow litigants to amend pleadings freely that causes may be tried on their merits. Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971).
Appellees cite Airvac Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla. 1976), and Palm Beach Estates v. Croker, 143 So. 792 (Fla. 1932), for the proposition that after an appeal the trial court cannot permit amendments to assert new theories of recovery or defenses inconsistent with the appealed record which has become the law of the case.
In Airvac, Ranger Ins. Co. had, before the first appeal, moved to amend its pleadings to assert a fraudulent conveyance defense. That motion had been denied and the denial had not been cross-assigned as error on an appeal taken by Airvac from a directed verdict. After reversal and remand Ranger again sought to amend to allege the fraudulent conveyance defense. On certiorari the Florida Supreme Court held that Ranger had a full opportunity to have had the denial of its first motion reviewed on the initial appeal and having failed to do so the state of the record and the points of law decided on the first appeal became the law of the case and upon remand the once rejected defense could not then be permitted by amendment.
In Airvac the party seeking to amend after appeal had before the initial appeal suffered an adverse trial ruling on the very point presented to the trial court after appeal (being the right to amend to add a defense) and that legal point was held to have been settled by the first appeal. In this case appellant never sought to amend before the first appeal and in fact won a verdict before the jury.
In Croker, on an interlocutory appeal in equity, an appellate court upheld the sufficiency of an answer and counterclaim. On remand the complainant sought to further amend the complaint. Upon a second appeal it was held that the defendant could not be deprived of the benefit of the first appellate ruling by permitting the complainant to file amendments inconsistent with the state of the record upon which the first appeal was decided and which would have indirectly defeated or circumvented the effect of the appellate decision upholding the sufficiency of the defense in the answer. In Croker, at page 794, the court said:
[A]n amended bill of complaint which is in effect the institution of a new and materially different suit alleging a different cause of action, which is wholly inconsistent with, and repugnant to, the allegation of the original bill and attempts to assert an entirely different and inconsistent right in the complainant has been held by this court to be improper... .
Croker involved a party who first lost an appeal involving the sufficiency of an opponent's pleading then attempted by later *176 amendment to circumvent the effect of the appellate ruling while in this case the plaintiff sought to amend only after an appellate court found error with the trial court's pretrial order upholding the application of the statute upon which the plaintiff had won a jury verdict.
Long before Section 607.397, Florida Statutes, as enacted in 1975, it was the law of the State of Florida that persons who assumed to act as a corporation without authority to do so were individually liable for debts they incurred.[1] Therefore, that statute was declaratory of existing law and was not the only basis of a cause of action in appellant. Unfortunately it was pleaded and was the basis for the judgment recovered. All the first appeal decided was that the statute was not in effect and did not govern the debt in question, and that the trial court's error in denying the motion to dismiss permeated the proceeding because the jury instruction on the statute prejudiced the defendants. The first appeal did not hold that appellants had no cause of action against the individual appellees for debt aside from the statute. Amendment of the complaint to state a cause of action in debt against the individual appellees would not be inconsistent with or repugnant to the allegations in the original complaint, Croker, supra; would not entirely change or abandon the nature of the plaintiff's case as presented in the first instance[2] nor introduce a new theory of recovery not theretofore asserted.[3] The fact that appellants recovered a jury verdict on a cause of action erroneously based on Section 607.397, Florida Statutes, is a reasonable indication that a justifiable issue can be made upon amendment to conform to facts appearing at the time of the entry of the prior judgment[4] because the same facts establishing a cause of action under the statute could also constitute a cause of action independent of the statute. In the furtherance of justice, appellants, having changed their position relying on the erroneous ruling of the trial court, should be returned to their position before such ruling.
The order denying the appellant's motion to amend is reversed and the cause remanded with directions to permit appellant to amend its complaint in order to permit the just determination of this cause on its merits.
REVERSED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Nichols v. Bodenwein, 146 So. 86 (Fla. 1932); Akel v. Dooley, 185 So.2d 491 (Fla. 2nd DCA 1966); International Design, Inc. v. Rubin's Franchises, Inc., 247 So.2d 778 (Fla. 3rd DCA 1971); Katz v. Kent Kenholtz, 147 So.2d 342 (Fla. 3rd DCA 1962). Independent of the inapplicable § 607.397, Fla. Stat., there may be other statutory bases for personal liability under the circumstances of this case. See § 608.59, Fla. Stat. (1973) and Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678 (Fla. 3rd DCA 1964).
[2] See State ex rel. Palmer v. Hewitt, 116 Fla. 140, 156 So. 236 (Fla. 1934).
[3] See St. Joe Paper Co. v. Connell, 299 So.2d 92 (Fla. 1st DCA 1974).
[4] Mount Sinai Hospital of Greater Miami, Inc. v. Cordis Corp., 285 So.2d 645 (Fla. 3d DCA 1973).