## MURPHY v JENSEN

Case No. 87-193 AP (County Court Case No. 86-6104SP23)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 22, 1988

### APPEARANCES OF COUNSEL

**Leslie Carson** for appellant.

**Lionel Barnett** for appellee.

Before TENDRICH, FULLER, ROBINSON, JJ.

### OPINION OF THE COURT

FULLER, J.

Plaintiff/Appellant Murphy performed work for Defendant/Appellee Jensen in March of 1986. When he was not paid, he sued Jensen, doing business as Integrated Financial Planning. At the Final Hearing on April 1, 1987, Jensen offered evidence that he was doing business as Integrated Financial Planning and Consulting Services of America,

119

Inc., that he was the President of that corporation and that this corporation was in existence at the time this incident occurred. He took the legal position that he could not be sued individually doing business as Integrated Financial Planning but that only the corporation could be sued. The Trial Court agreed with Mr. Jensen's position and entered Judgment in favor of the Defendant.

At the Rehearing it was determined that the Defendant's corporation was formed on June 15, 1984, but that it had been involuntarily dissolved on November 1, 1985, and had not been reinstated until March 31, 1987, the day before the Final Hearing. The record reflects that the Plaintiff had attempted to locate corporation information about the Defendant about filing suit but the Secretary of State's Office had advised that there were no corporations, in good standing, under the name used by Mr. Jensen. A reading of the Record indicates that the basis for finding for the Defendant in the Trial Court was that the Plaintiff had sued the wrong party. It is obvious from the record that at the time of the transaction in question, Mr. Jensen was the president of a dissolved corporation and, as such, consistent with the provisions of Florida Statute 607.397, is liable as an individual for all debts incurred. Also see *Florida Air Conditions, Inc. v Colonial Supply Co.,* 390 So.2d 174 (Fla. 5th DCA 1980). The fact that the Defendant reinstated the corporation the day before the Final Hearing does not have a retroactive effect and, therefore, Mr. Jensen is personally responsible for the debt to the Plaintiff.

The Trial Court erred at Rehearing in failing to set aside the earlier Judgment and in not entering Judgment in favor of the Plaintiff. The Cause is Remanded so that the Trial Judge may now enter Judgment in favor of the Plaintiff for the amount due, plus interest thereon since March 19, 1986, and appropriate costs.

Tendrich and Robinson, JJ., concur.