PER CURIAM.
This is an appeal from a final judgment on the pleadings in favor of appellee. We reverse and remand.
The parties’ written settlement agreement, incorporated in the final judgment of dissolution, includes a non-modification clause as to the amount and duration of alimony.[1] The agreement also included a tax indemnification clause, in which appellee/husband agreed to indemnify appellanVwife for all taxes, deficiencies, penalties and interest that may result from the parties’ joint tax returns.
In 1992, appellant filed a supplemental petition to convert or modify rehabilitative alimony, alleging in part the following:
5. Substantial change of circumstances. There has been a substantial and unforeseen change of circumstances since the date of the Marital Settlement Agreement and since entry of the Order establishing support, as follows:
a. Although the former wife has made a diligent effort towards rehabilitation, her efforts have been unsuccessful due to unforeseen events which have arisen since the execution of the Marital Settlement Agreement and the entry of this Court’s Order. Said events have been caused solely by the actions of the former husband, as more fully described below.
b. Beginning on or about March 28, 1990, the former wife was served with a Notice of Deficiency by the Internal Revenue Service regarding the taxable years ending December 31, 1985 and December 31,1986. Said taxable years were years in which the parties hereto were married and filed joint income tax returns. A copy of said deficiency letter is attached hereto as Exhibit “C”.
c. As the Explanation of Deficiency (attached to Exhibit “C”), makes clear, any *590 deficiencies in income taxes paid for the years 1985 and 1986 are the result of the former husband’s actions and, in no way relate to any wrongdoing on behalf of the former wife. Notwithstanding, the former wife was required to answer to the Internal Revenue Service for the aforementioned deficiencies. In furtherance thereof, the former wife was required to employ an attorney to represent her in said matter and expended $8,618.00 in attorney’s fees. The former wife’s tax attorney successfully negotiated a settlement with the Internal Revenue Service in the amount of $7,823.92. Thus, the former wife was forced to expend a total of $16,439.92 solely as a result of the former husband’s wrongdoings.
d. At the time the former wife entered into the Marital Settlement Agreement providing for rehabilitative alimony, it was anticipated that former wife would have been able to rehabilitate herself in a five year period of time. However, due to the fact that former wife was required to expend more than $16,000.00 in handling the Internal Revenue Service matter, she has been unable to obtain the degree of rehabilitation that was originally anticipated when the parties bargained for and executed the Marital Settlement Agreement and when this Court entered its Final Judgment.
c. Due to former husband’s fraudulent activity with the Internal Revenue Service, former wife has been required to deplete her personal savings and has further been required to expend the monies which she was receiving as rehabilitative alimony to resolve the Internal Revenue Service matter. As a result, the former wife has been left without adequate resources to obtain the education and training which would enable her to rehabilitate herself and allow her to become self-sufficient.
6. Unlikely to rehabilitate or become self-sufficient; request to convert to permanent periodic alimony. Presently, former wife is 51 years of age and, in light of the substantial change of circumstances as described herein, it is unlikely that the former wife can rehabilitate herself to the point anticipated when the parties executed the Marital Settlement Agreement nor as anticipated at the time this Court ordered said rehabilitative alimony. Therefore, it is appropriate for this Court to convert said rehabilitative alimony into permanent periodic alimony so that the wife will be able to maintain herself in a manner consistent with the lifestyle established during the parties’ 27 year marriage.
7. Alternative request to modify terms of rehabilitative alimony. In the alternative, former wife requests that this Court enter an order extending rehabilitative alimony payments for a period of time sufficient to enable former wife to gain education and training which will enable her to become self-sufficient.
Appellee answered the petition to modify the rehabilitative alimony, and asserted the affirmative defense that appellant waived her right to modify the alimony. There was no reply. Thereafter, appellee moved for judgment on the pleadings, and the trial court granted the motion, saying in part:
1. The Former Husband’s Motion for Judgment on the Pleadings is GRANTED. The language of the Final Judgment Dissolving Marriage (Paragraphs 2 and 3) and the Property Settlement Agreement (Paragraph 4), read together, convince the Court that, per agreement of the parties at time of dissolution, the rehabilitative alimony is non-modifiable as to amount or duration, see Turner v. Turner, 383 So.2d 700 (Fla. 4 DCA 1980). While the Former Wife may be entitled to other types of relief for the Former Husband’s alleged violation of other terms of the Final Judgment, the non-modifiable nature of rehabilitative alimony in this case is clear.
It then issued a separate, final judgment, which ordered that final judgment on the pleadings be rendered in favor of appellee. The instant appeal followed.
While Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA), rev. denied, 392 So.2d 1381 (Fla.1980), holds that an agreement to waive any right to modification of alimony is valid, it does not renounce other principles of *591 contract and equity, including rescission of contract or estoppel, which may apply. See, e.g., Steak House, Inc. v. Barnett, 65 So.2d 736, 738 (Fla.1953); Appalachian, Inc. v. Olson, 468 So.2d 266, 269 (Fla. 2d DCA), rev. denied, 482 So.2d 347 (Fla.1985). It appears that appellant may be able to state a cause of action under one of those theories. If either the contract were vitiated or the appellee estopped to assert the waiver by reason of his own wrongful conduct, then modification of alimony may be considered.
It is clear from the quoted portions of appellant’s pleading that she failed to allege appellee did not pay the parties’ income taxes nor indemnify her as he agreed. The trial court could see that the wife may be entitled to some relief. Unfortunately, it was not presented with the option of denying appellee’s motion, but dismissing the supplemental petition, with leave to amend, as suggested by International Design, Inc. v. Rubin’s Franchises, Inc., 247 So.2d 778, 780 (Fla. 3d DCA 1971). On remand, we direct the trial court to do so.
GLICKSTEIN and WARNER, JJ„ concur.
FARMER, J., concurs specially with opinion.

. The judgment stated that the husband was to pay rehabilitative alimony to the wife in the amount of $1,250 per month for a period of sixty months.