This is an appeal of a juvenile court decision terminating the parental rights of Dianne Mitchell Dobbs (Mitchell) to her minor child Robert Jason Mitchell (Robbie). This appeal was taken to the Court of Civil Appeals, but was transferred to this Court pursuant to Alabama Code (1975), § 12-3-15.
The case arose from these facts:
Robbie Mitchell was born the illegitimate son of Dianne Mitchell on October 26, 1979. At that time, Mitchell lived in the Mobile area. She became involved with James Dobbs in February 1980, and the couple and the child moved to Selma approximately two months later.
While they were living in Selma, Robbie received various injuries and bruises, which were investigated by the Dallas County Department of Pensions and Security (DPS). Suspecting that Robbie was being abused, DPS obtained temporary custody of him on August 8, 1980. Mitchell and Dobbs then moved back to Mobile.
While in Mobile, Mitchell and Dobbs were monitored by the Mobile County DPS, at the request of the Dallas County DPS. The couple cooperated fully with DPS requests. They engaged in mental health counseling, and Dobbs attended meetings of Alcoholics Anonymous. Also, Mitchell and Dobbs were married in October 1980.
Satisfied with the progress Mitchell and Dobbs had made, the Dallas County DPS returned Robbie to his mother in March 1981, after seven months of temporary custody. Mobile County DPS continued to monitor Robbie's situation until Mitchell and Dobbs moved back to Selma in October 1981, bringing Robbie with them.
In Selma, the three lived initially with Dobbs's parents; after a short time they rented a motel apartment. On January 29, 1982, Robbie was admitted to a Selma hospital with a broken leg. Because of this injury, the Dallas County DPS again obtained temporary custody of Robbie. On June 30, 1982, the Dallas County DPS filed in the Dallas County Juvenile Court a petition seeking permanent custody.
On January 18, 1983, after a four-day hearing, District Judge B.M. Miller Childers, sitting as judge of the juvenile court, ordered that the child be put in the permanent care and custody of the State of Alabama Department of Pensions and Security, and that all rights of Dianne Mitchell to his custody be terminated. Mitchell has appealed.
Appellant primarily seeks a trial de novo in the Circuit Court of Dallas County and asserts these grounds for that relief:
 1. She asserts that the present provisions of Rule 28, Alabama Rules of Juvenile Procedure, make that Rule unconstitutional, in that they require a direct appeal from the juvenile court to the Court of Civil Appeals. She contends that Rule 28 deprives the circuit court of jurisdiction to hear cases de novo on appeal from the circuit court and is therefore unconstitutional as violative of § 6.11, amend. 328 to the Alabama Constitution of 1901.
 2. She asserts that the record of the proceedings in the juvenile court is inadequate for a review by an appellate court, and that a trial de novo in circuit court is the only practical review.
Appellant argues alternatively that if jurisdiction of this appeal is properly in the appellate courts, then the judgment of the juvenile court should be reversed, and she asserts three grounds for that relief:
 1. She claims the court's decision is clearly erroneous and unjust because there was no evidence that she was the person abusing the child.
 2. She claims that the Dallas County DPS did not prove its case by clear and convincing evidence.
 3. She claims the trial court erred in failing to consider remedial alternatives to the termination of her parental rights.
 I. The Question of an Adequate Record
We discuss first appellant Mitchell's argument that the record of the proceedings *Page 1054 
in the juvenile court is inadequate for a review by an appellate court. The primary authority for an appeal from the juvenile court to an appellate court in this particular case is found in Alabama Code, § 12-12-72. That statutory authorization reads as follows:
 Appeals shall be directly to the appropriate appellate court if:
 (1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto; or
 (2) The parties stipulate that only questions of law are involved and the district court certifies the questions.
Having carefully examined the record in this case, in light of appellant's assertions, we are convinced of its adequacy for review by an appellate court.
The proceedings of the juvenile court were recorded on tape, with the court monitoring the tape recorder. Rule 20 (B), A.R.Juv.P., provides:
 The transcript shall be certified by counsel for both parties as being substantially true and correct except when there is a dispute as to its content, which shall be noted as an exception by counsel claiming the error.
The appellant and her attorney refused to give the certification contemplated by that rule. However, we note that appellant does not appear to make a serious contention that the record is not "substantially true and correct." We do not consider the lack of the contemplated certification so significant as to make the record defective or otherwise not "adequate."
The appellant argues that the transcript "does not contain all of the conversations, discussions, argument, pre-trial conferences, post-trial hearings, or any conferences conducted during Trial." We note that the ordinary record in an appeal from the circuit court would not contain these items either. We do not consider their omission to make the record inadequate for appellate review.
The most serious omission appellant points out is that "there was a gap in the tape and the testimony of Ms. Denita Dillow is incomplete and not fully presented." While we appreciate the earnestness of appellant's argument in this regard, we also note that appellant has made no contention that a more complete transcript of Ms. Dillow's testimony — or the inclusion of any of the other omitted items — would in any way have helped her case. Further, we note that appellant made no objection to the trial court that the record was not adequate.
In summary, we cannot accept the plaintiff's argument that the record is not "adequate" for appellate review. Consequently, we consider that the Court of Civil Appeals (and, by virtue of the transfer, this Court) had jurisdiction of this appeal under §12-12-72. Because of this determination, we consider it unnecessary to address appellant's constitutional arguments in regard to Rule 28, A.R.Juv.P.
 II. The Merits of the Appeal
Appellant claims that the judgment of the juvenile court was clearly erroneous because there was no evidence that she personally inflicted abuse upon the child. She contends that the evidence shows that only Dobbs was guilty of inflicting the child's physical injuries.
When the trial judge hears oral testimony, we must abide by the judge's findings of fact, unless they are clearly and palpably wrong, without supporting evidence, or manifestly unjust.Sterling Oil of Oklahoma, Inc. v. Pack, 291 Ala. 727,287 So.2d 847 (1973). This standard of review has been applied in cases involving the termination of parental rights. In re Palmer,387 So.2d 215 (Ala.Civ.App. 1980).
In this case the trial judge heard the testimony of 23 persons and had the opportunity to observe the appellant and other persons involved in this case while they were in the courtroom and on the witness *Page 1055 
stand. It may be true that the physical abuse came primarily at the hands of Dobbs. Nevertheless, after hearing four days of testimony, the judge found that appellant was not able to provide proper parental care for her son. While we see no need to set out here the details of this unfortunate situation, we have no difficulty in holding that the evidence in the record supports this conclusion. Therefore, we cannot reverse the juvenile court on this ground.
We also must reject appellant's contention that the Dallas County DPS did not prove its case by clear and convincing evidence. The evidence showed clearly and convincingly that the appellant did not properly care for the child while he was in her custody. We cannot conclude, as appellant suggests, that the burden was improperly shifted to the appellant to show that it was in the child's best interest to stay with her. The burden was properly on DPS, and DPS met that burden.
Appellant also asserts that the trial court did not consider remedial alternatives to the termination of her parental rights. The evidence before the court, however, showed that DPS had been involved in this case for approximately two years before it sought permanent custody of the child. The evidence of unsuccessful attempts at rehabilitation shows that alternatives were considered before the termination of parental rights was ordered.
For all these reasons, we affirm the judgment of the juvenile court.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.