WRIGHT, Presiding Judge.
Defendants appeal the termination of their parental rights. We agree with and therefore affirm the trial court’s judgment that placement of permanent legal custody with the State Department of Pensions and Security is in the best interests of this child.
The parents have never had actual custody of the child. The Department of Pensions and Security (hereinafter DPS) was informed by a resident at the hospital, that the physical appearance of the parents who were visiting their newborn child raised questions as to the living conditions into which the child would return. After an inquiry by DPS, a shelter care hearing was held in which the judge found the child to be dependent, thereby placing her in the temporary custody of DPS. After a dispo-sitional hearing in which all parties were represented by counsel, the Juvenile Court entered a final decree awarding permanent custody of the child to DPS. Defendants appeal on the ground that the determination of dependency is not based on clear and convincing evidence to support termination of their parental rights.
The ultimate consideration in child custody cases is the best interests of the child. Borsdorf v. Mills, 275 So.2d 338 (Ala.Civ.App.1973). The prima facie right of a natural parent to custody of his child can be overcome, however, where it is shown that such custody would be contrary to the child’s best interest. In re Palmer, 387 So.2d 215 (Ala.Civ.App.1980). In order to rebut this presumption, a two-pronged inquiry must be made. First, the court must find by clear and convincing evidence that the child is dependent. § 12-15-65(e), Code of Alabama 1975. Then it must determine that there exists no viable alternative to the termination of parental rights. Glover v. Alabama Department of Pensions and Security, 401 So.2d 786 (Ala.Civ.App.1981). The trial court made this inquiry and determined that the welfare of the child would best be served by awarding permanent legal custody to DPS. Where evidence in a child custody matter is presented ore tenus, the finding of the trial court is presumed correct. Lipsey v. Lipsey, 450 So.2d 1095 (Ala.Civ.App.1984).
The court considered the following factors in making its determination of dependency: the uninhabitable and unsanitary condition of the parents’ home; that the parents were unmarried, and unemployed and that their sole source of income was the father’s $325 monthly disability *109 payment; that the mother had two other children whom she did not support or care for; their failure to maintain contact with their child; and their refusal to move into available low-rent housing. These were just some of the factors the court considered.
Regarding the court’s decision that there existed no viable alternatives to termination of parental rights, the court heard testimony that made it quite clear that there were not any acceptable, much less willing, alternative placements for the child.
There being ample evidence to support the trial court’s judgment, we will not disturb it.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.