This is a termination of parental rights case.
After an ore tenus proceeding the Juvenile Court of Shelby County ordered the permanent termination of all the parental rights of the mother and father of Myles Camron, Patrick Donovan, and Timothy Joseph Wood, ages seven, six, and four, respectively. The father appeals.
The father contends that there was not sufficient evidence to support the court's findings. We disagree.
Although parents have a prima facie right to the custody of their children, such right can be overcome by clear and convincing evidence that permanent removal from the parents' custody is in the children's best interests. Fitzgerald v.Fitzgerald, 490 So.2d 4 (Ala.Civ.App. 1986). The evidence must be clear and convincing that the child is dependent and that there are no less drastic alternatives to termination. Fitzgerald, supra.
In determining whether to terminate parental rights, the trial court may consider such factors as the excessive use of alcohol or controlled substances by the parent, the failure of reasonable efforts by the Department of Human Resources (DHR) to rehabilitate the parent, the failure of the parent to pay support of children in the custody of DHR, and the failure of the parent to adjust his circumstances to meet the needs of the child in accordance with agreements made by the parent with DHR. §§ 26-18-7(a) and -7(b), Code 1975.
DHR has had significant involvement with the father since 1981. The mother and father met in 1980 while both were in treatment for alcohol and substance abuse. We have examined the record and have found numerous instances of alcohol abuse and marital and job instability. The father has been arrested on a number of occasions for alcohol-related offenses, although the testimony indicates he is no longer drinking.
Neither the mother nor father has been able to maintain stable employment since 1981 when the first of these children was born. The record reveals that the father has worked for at least five different employers since 1980, with no job lasting for any significant amount of time.
The marriage of the parents has been unstable, with numerous separations and reconciliations. The parents have expressed on a number of occasions their desire to divorce. A divorce is pending. However, neither parent has followed through. The family has not maintained a stable residence since the birth of these children, having moved frequently, often living with relatives, and the children sleeping on the floor.
During an initial judicial proceeding to terminate parental rights in July 1986, the parents and DHR reached an agreement to suspend the proceedings, thus giving the *Page 131 
parents an opportunity to demonstrate their capability in providing a proper home for the three children. This agreement included participation by both parents in a random drug and alcohol sampling detection program for twelve months, the results of which were to be sent to DHR. The father was to provide $90 monthly support for the children. The parents were required to send monthly copies of proof of sources of all income. The agreement further provided that any party could resume the proceedings at any time.
Seven months later, DHR requested resumption of the proceedings in that the parents were not complying with the agreement. The record revealed that the father did not make all of his monthly support payments, and he had not maintained stable employment, having been unemployed from the date of the agreement in July 1986 until eight months later. The father continues to live with his mother. The father had to be ordered to submit a monthly report of his income status seven months after the agreement. The alcohol and drug testing sample results of the father had not been properly submitted.
With the exception of the father's efforts to overcome his alcohol problem, there has been little change. The father's improvements have been mostly in response to court orders and prompting by DHR. The parents have been afforded numerous services by DHR, including mental health counseling, food stamps, homemaker services, counseling, and day care services. These efforts have failed and the family situation remains unstable and inadequate for the needs of the children.
The trial court determined that there has been insufficient improvement in the father's situation to justify leaving the children in foster care any longer. The court further determined that the circumstances of the father are not likely to change in the foreseeable future so as to provide a suitable home for the children or to provide adequate care, support, and training for them. The evidence in the record supports this conclusion.
The record is also clear that DHR sought less drastic alternatives than termination but was unsuccessful. The parents were asked to suggest relatives with whom the children might be placed. None of the relatives sought such custody.
In a child custody case the judgment of the trial court is presumed to be correct and will not be altered on appeal unless plainly and palpably wrong. Matter of Moore,470 So.2d 1269 (Ala.Civ.App. 1985). We find that there was clear and convincing evidence that it was in the children's best interests to have parental rights terminated and custody placed with DHR.
The father also contends that the record of the proceedings in the trial court is inadequate for a review by an appellate court. He asserts that the method of recording was inadequate, leaving omissions in the testimony. We do not consider these omissions sufficient to make the record inadequate for review.Dobbs v. State Department of Pensions Security,484 So.2d 1052 (Ala. 1984).
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.