L. CHARLES WRIGHT, Retired Appellate Judge.
On November 25, 1987, the Alabama Department of Human Resources (DHR) filed a petition of dependency on behalf of Quen-ton Kennedy, the eighteen-day-old child of Delores Kennedy, a single woman. A temporary order was entered granting custody to DHR. Thereafter, DHR filed a petition for permanent custody of Quenton and termination of the parental rights of the mother. After a hearing the Juvenile Court of *248 Montgomery County entered a final decree, finding the child to be dependent, and terminated the parental rights of the mother. The mother by court-appointed counsel has appealed.
The only issue presented on appeal is whether the decree of termination of parental rights is supported by clear and convincing evidence as required by statute. Ala. Code (1975), § 12-15-65(c) (1986 Repl.Vol.).
The evidence presented at the hearing, though brief, disclosed that Quenton is the third child born to the mother. The first two have been known to DHR. One has been placed for adoption. Another is presently being cared for by a sister of the mother. The mother has been a student at Alabama State University, but is not presently enrolled. Her grades have not been sufficient to allow her to continue as a student. She has been a patient at Bryce Mental Hospital. When the social worker from DHR first investigated this case, she found the newborn child filthy and hungry. The stench in the house was almost unbearable. The mother appeared to be mentally incapable of caring for her child.
Since taking the child, DHR has been unable to maintain contact with the mother or get her to undergo a mental examination. She has no home, but lives with any man who will allow her. It is evident from her testimony at court that she has extreme mental problems and cannot care for a child.
Contact has been made with her relatives (brothers and sisters), and all declined to continue aid or assistance. The evidence was clear and convincing that the best interests of the child lay in the termination of parental rights and his placement with DHR for planning and adoption. It was equally clear that there was no viable alternative. Malone v. State, 494 So.2d 107 (Ala.Civ.App.1986); Hickman v. State Department of Pensions & Security, 489 So. 2d 601 (Ala.Civ.App.1986). Therefore, the judgment below is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.