PER CURIAM.
This is a child abuse case.
Lisa Floyd petitioned this Court for a writ of certiorari to review the judgment of the Court of Civil Appeals, 550 So.2d 980 (1988), which affirmed the order of the Juvenile Court of Shelby County, which had granted temporary custody of her son, Kenneth Aubrey Floyd III (“Ken”), to the Shelby County Department of Human Resources (“DHR”), with physical custody in the child’s natural father, Kenneth Aubrey Floyd, Jr. (“Mr. Floyd”). We issued the writ, and we affirm the judgment of the Court of Civil Appeals.'
The Floyds were divorced in the summer of 1984, at which time Lisa Floyd was awarded custody of Ken, subject to Mr. Floyd’s visitation rights. During the summer of 1985, Lisa Floyd began living with Ron O’Neal (“Ron”).
DHR filed a petition in March 1987, in Shelby County Juvenile Court, alleging abuse by Ron directed against Ken. After an investigation and dispositional hearing, the court found the minor to be dependent and ordered that he be placed temporarily in the custody of DHR, with physical custody in his natural father — Mr. Floyd. Lisa Floyd was granted visitation privileges subject to the restriction that Ron not be present during such visitation.
Evidence was presented during the hearing on the matter to the effect that:
1) Mr. Floyd noticed four marks on Ken’s back, which the youngster explained were cigarette burns inflicted by Ron. Ken was then three years old. 2) Mr. Floyd notified DHR of the suspected abuse. DHR officials interviewed *983 Ken, who stated that Ron had inflicted the marks on his back.
3) Mr. Floyd, in March 1987, had Ken examined by Dr. William B. Whitaker, who had then been in the private practice of medicine for only three years. Dr. Whitaker noticed two one-centimeter marks on Ken’s back and diagnosed them as not being cigarette burns but stated they were suspicious. He also determined, based on the marks on Ken’s back, that Ken was a high risk for having been abused.
4) Ken was next examined by Dr. Nicro-si, a resident at the Children’s Hospital in Birmingham, in March 1987. Dr. Nicrosi could not diagnose to a medical certainty that the marks were in fact burns, and he stated that the marks appeared to be at least two months old. Ken informed Dr. Nicrosi that he had been burned with a cigarette and lighter, but Dr. Nicrosi did not associate the marks on Ken’s back with burns from a cigarette or a cigarette lighter.
5) Ken was examined in March 1987 by David Boyd, Ph.D., a clinical psychologist. Dr. Boyd concluded that Ken was a normal, happy child and, based on his observations, concluded that Ken had not been abused and that it would be in Ken’s best interests to remain in Lisa Floyd’s custody because of the natural bonding between Ken and Lisa Floyd.
6) In April 1987, Ken was examined by a Dr. Scarborough, who was a practicing physician with over 15 years’ experience. He concluded that the marks on Ken’s back were consistent with cigarette burns but that they could have been caused by some other source.
7) Lisa Floyd explained that the abrasions were caused by Ken’s either falling on a stereo speaker or being entangled in a briar patch.
We resolve two issues in this appeal:
1. Was the burden of proof in this matter unlawfully shifted to Lisa Floyd?
2. Was there clear and convincing evidence to support the judgment of the trial court?
I.
Lisa Floyd argues that the trial court, during the dependency hearing, unlawfully shifted the burden of proof to her, thus forcing her to prove that the marks on Ken’s back were not the result of abuse. She asserts that the proper standard to be applied by the court was to place on DHR the burden of proving how the marks were caused. Lisa Floyd contends that the trial court, in reviewing the evidence, made its decision by relying on the paucity and implausibility of her evidence explaining how the marks were caused. In support of her argument, she cites Dobbs v. State Dept. of Pensions & Security, 484 So.2d 1052 (Ala.1984), which she contends places the burden of proof in dependency hearings upon DHR to prove the specific allegations of its petition by clear and convincing evidence. She also argues that the ore tenus rule should not apply in this case, because, she argues, the trial court misapplied the law when it shifted the burden of proof to her. She cites, in support of her contention, Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985), and League v. McDonald, 355 So.2d 695 (Ala.1978).
During the hearing on this matter, the juvenile judge heard from Dr. Nicrosi and Dr. Whitaker, who testified for DHR that, based on the appearance of the marks and on the history of the child, they felt Ken had probably experienced child abuse. We, therefore, hold that the trial court did not shift the burden of proof to Lisa Floyd, but, rather, that it remained with DHR. The Court of Civil Appeals found that “[t]he record reveals that, during the course of hearings of this case, three physicians testified that the marks observed on the child were consistent with those of cigarette burns.” This testimony was consistent with the child’s statements that he had been burned with cigarettes. We agree with the Court of Civil Appeals that the juvenile judge did not shift the burden of proof.
II.
Petitioner also contends that the evidence was insufficient to support the juvenile judge’s order.
*984 Code of Alabama 1975, § 12-15-65(e), requires a finding by the trial court, based on clear and convincing evidence, that a child is in need of care, supervision, or rehabilitation by the State before changing the status quo in a dependency case. Lisa Floyd argues that clear and convincing evidence of abuse was not shown in this case. She claims that DHR physicians were unable to testify to a medical certainty that the marks on Ken’s back were caused by cigarette burns or were caused through abuse, and therefore, that DHR failed to prove the claim of physical abuse by clear and convincing evidence, because Dr. Nicrosi and Dr. Whitaker’s testimony should carry very little weight because of their experience, i.e., because they had never before diagnosed cigarette burns and had seen them only during their residencies, according to her. In short, although acknowledging the applicability of the ore tenus rule in this case, petitioner claims that the trial court’s order was plainly and palpably erroneous in that it was based on medical testimony which, she argues, did not clearly show abuse and which was impeached by the testimony of Dr. David Boyd, who testified that Ken had not been abused.
We must disagree with petitioner on this issue.
The petitioner’s argument would have this Court give no weight to the statements of the one individual whose rights should be paramount in this Court’s consideration — the child. On several occasions, the child told his father, a social worker, and several physicians that his mother’s boyfriend had burned him with a cigarette. The evidence admitted at trial tends to buttress the child’s statements.
There is more than ample evidence in the record to sustain the findings of the juvenile judge in this case and to affirm the judgment of the Court of Civil Appeals. To hold that the findings of the trial court were plainly and palpably wrong would work a great injustice on the rights of a child who, on numerous occasions, stated that he had been abused.
The findings of the trial court based on ore tenus evidence are presumed correct,
In re Malone, 494 So.2d 107 (Ala.Civ.App.1986), and such findings may be set aside only if they are plainly and palpably wrong, Carter v. Jefferson County Dept. of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986). We are compelled to hold in this case that the evidence was sufficient to satisfy the high standard of clear and convincing evidence.
The rights of the natural parents are to be protected under the law, In re Hickman, 489 So.2d 601 (Ala.Civ.App. 1986), but when those rights clash with the right of a child to be free from abuse, the interests of the child must prevail.
For the foregoing reasons, the judgment of the Court of Civil Appeals is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
JONES and ADAMS, JJ., dissent.